# EXHIBIT A

SUM-100

## SUMMONS ON FIRST AMENDED COMPLAINT
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

F I L E D

NOV 0 4 2009

By _____ Dep. Clerk
SAN BERNARDINO COUNTY
SUPERIOR COURT, JOSHUA TREE DISTRICT

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
PFF BANCORP, INC., a/k/a PFF BANK & TRUST, a Delaware
corporation doing business in California;
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
CURTIS CORUM, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** |
| (El nombre y dirección de la corte es): | (Número del Caso): |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO | CIVMS900845 |

Joshua Tree District District
6527 White Feather Road, Joshua Tree, CA 92252

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tina M. Alleguez   (Bar # 136562)                                    Fax No.: (818) 783-5507.
Michelman & Robinson, LLP, 15760 Ventura Blvd., 5th Floor, Encino, CA 91436         Phone No.: (818) 783-5530

| DATE: | Clerk, by | , Deputy |
| (Fecha) NOV 0 4 2009 | (Secretario) | (Adjunto) |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Boss of Handling Legal Notices
Date: 11/23/09   Time:
Place of Delivery: USB
Method of Delivery: US Mail
Title of Action: Corum v. PFF
Person Receiving Delivery: Cindy Rumbold

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | **ON FIRST AMENDED COMPLAINT** | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | LexisNexis® Automated California Judicial Council Forms |

**Exhibit A**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Corum v. PFF Bancorp, Inc., etc., et al. | CIVMS900845 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

US BANK, N.A., a Minnesota corporation doing business in California; FCI LENDER SERVICES, INC., a California corporation; TRAVIATA LENDING, a Business entity, form unknown; SOUTHLAND TITLE a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Business Entity, form unknown; and DOES 1-100 inclusive

Page   2   of   2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

LexisNexis® Automated California Judicial Council Forms

Exhibit A
9

660'18
0070214189

# SUMMONS ON FIRST AMENDED COMPLAINT
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**F I L E D**

NOV 0 4 2009

By _____ Dep. Clerk
SAN BERNARDINO COUNTY
SUPERIOR COURT, JOSHUA TREE DISTRICT

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
PFF BANCORP, INC., a/k/a PFF BANK & TRUST, a Delaware
corporation doing business in California;
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
CURTIS CORUM, an individual

*served 11/9/09 Response Due 12/9/09*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br> (El nombre y dirección de la corte es): <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO <br> Joshua Tree District District <br> 6527 White Feather Road, Joshua Tree, CA. 92252 | CASE NUMBER: <br> (Número del Caso): <br> CIVMS900845 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Tina M. Alicguez  (Bar # 136562)                          Fax No.: (818) 783-5507
Michelman & Robinson, LLP, 15760 Ventura Blvd., 5th Floor, Encino, CA 91436    Phone No.: (818) 783-5530

| DATE: NOV 0 4 2009 | Clerk, by | _____ | Deputy |
|---|---|---|---|
| (Fecha) | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **FCI Lender Services, INC., a California Corporation**

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
**ON FIRST AMENDED COMPLAINT**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Exhibit A
p. 10

NOV-04-2009  16:09                                        97%                        P.002

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Corum v. PFF Bancorp, Inc., etc., et al. | CIVMS900845 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

US BANK, N.A., a Minnesota corporation doing business in California; FCI LENDER SERVICES, INC., a California corporation; TRAVIATA LENDING, a Business entity, form unknown; SOUTHLAND TITLE a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Business Entity, form unknown; and DOES 1-100 inclusive

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

*LexisNexis® Automated California Judicial Council Forms*

**Exhibit A**

Tina M. Alleguez    (SBN 136562)
MICHELMAN & ROBINSON, LLP
15760 Ventura Blvd., 5th Floor
Encino, CA 91436
Tel: (818) 783-5530
Fax: (818) 783-5507
Attorneys for Plaintiff, Curtis Corum

F I L E D

NOV 0 4 2009

By_____ Dep. Clerk
SAN BERNARDINO COUNTY
SUPERIOR COURT, JOSHUA TREE DISTRICT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO

CURTIS CORUM, an individual,

Plaintiff,

v.

PFF BANCORP, INC, a/k/a PFF BANK &
TRUST, a Delaware corporation doing business
in California; US BANK, N.A., a Minnesota
corporation doing business in California; FCI
LENDER SERVICES, INC., a California
corporation; TRAVIATA LENDING, a Business
Entity, form unknown; SOUTHLAND TITLE, a
Business Entity, form unknown; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. a Business Entity, form unknown; and
DOES 1-100 inclusive,

Defendants.

Case No.:  CIV MS 900 845

## PLAINTIFF'S FIRST AMENDED
## COMPLAINT FOR:

1. DECLARATORY RELIEF;
2. INJUNCTIVE RELIEF;
3. DETERMINE NATURE, EXTENT AND
   VALIDITY OF LIEN;
4. CONTRACTUAL BREACH OF GOOD
   FAITH FAIR DEALING;
5. VIOLATIONS OF TILA;
6. VIOLATIONS OF RESPA;
7. VIOLATION OF CALIFORNIA CIVIL
   CODE § 1918-1921;
8. VIOLATION OF CALIFORNIA CIVIL
   CODE § 1916.7(b)(2);
9. VIOLATION OF CALIFORNIA CIVIL
   CODE § 1916.7(b)(4)(B);
10. VIOLATION OF CALIFORNIA CIVIL
    CODE § 2932.5;
11. FRAUD;
12. UNFAIR AND DECEPTIVE ACTS AND
    PRACTICES (UDAP);
13. BREACH OF FIDUCIARY DUTY;
14. UNCONSCIONABILITY;
15. PREDATORY LENDING;
16. CALIFORNIA BUSINESS AND
    PROFESSIONS CODE § 17200;
17. QUIET TITLE

1

FIRST AMENDED COMPLAINT

## INTRODUCTION

**COMES NOW** the Plaintiff CURTIS CORUM ("Plaintiff") and alleges as follows:

## PARTIES

1.    At all times relevant herein, Plaintiff was over the age of eighteen (18) and is and was a resident of Yucca Valley, San Bernardino County, State of California.

2.    The real estate that is the subject of this litigation is located at 53910-53928 Ridge Road, Yucca Valley, California 92284 ("Subject Property").

3.    Plaintiff purportedly entered into two (2) separate loan repayment and security agreements on or about March 6, 2006 with Defendant PFF BANK AND TRUST ("PFF") which required Plaintiff to repay a first loan of $750,000.00 to Defendant PFF. Plaintiff's first loan was a purchase money transaction or a 1031 Exchange of a like-investment property for $750,000.00 and was an interest only adjustable rate mortgage ("ARM"). The starting interest rate was 6.125% and fixed for five (5) years and had a margin of 3.375% which was tied to the one-year Libor index. The first rate change had a maximum APR of 8.125% and a life cap of 11.125%. Plaintiff's second loan was for $130,000.00 and was provided by Defendant US BANK ("USB") which had an APR of 7.50% for twenty (20) years. The loan-to-value ratio for the second loan was 65%. Plaintiff's two (2) loans were allegedly secured by the Subject Property.

4.    The purpose of Plaintiff's loans were to purchase the Subject Property, which included a rental and rental income that should have been included in the underwriting analysis. The loans were purportedly secured by the Subject Property.

**Exhibit A**
**p. 13**

5.     Plaintiff is informed and believes and thereon alleges that Defendant PFF, is a business entity of unknown form and is now owned by Defendant USB, and was at all relevant times herein, authorized to do business in California. Defendant PFF is the original mortgage lender on Plaintiff's first loan, with an unknown business address.

6.     Plaintiff is informed and believes and thereon alleges that Defendant USB, is a business entity of unknown form and authorized to do business in California. Defendant USB is the original mortgage lender on Plaintiff's second loan, with an unknown business address.

7.     Plaintiff is informed and believes and thereon alleges that Defendant TRAVIATA LENDING ("TRAVIATA") is a business entity of unknown form and authorized to do business in California. Defendant TRAVIATA is the original mortgage broker for Plaintiff's loan, with an unknown business address.

8.     Plaintiff is informed and believes and thereon alleges that Defendant SOUTHLAND TITLE ("SOUTHLAND") is a business entity of unknown form and authorized to do business in California. Defendant SOUTHLAND is the original title company for Plaintiff's loans with a business address of 1555 South Palm Canyon Dr., Palm Springs, CA 92264.

9.     Plaintiff is informed and believes and thereon alleges that Defendant FCI LENDER SERVICES, INC. a/k/a LAWYERS TITLE ("FCI") is a California corporation authorized to do business in California. Defendant FCI is the original trustee and successor trustee for Plaintiff's loan, with the business address of 8180 E. Kaiser Blvd, Anaheim Hills CA 92808.

10.     Plaintiff is informed and believes and thereon alleges that Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") is a business entity of unknown form and was and is authorized to do business in California. Defendant MERS is the current mortgage

FIRST AMENDED COMPLAINT

nominee/beneficiary of Plaintiff's loan and has a business address of 1818 Library Street, Suite 300, Reston VA 20190.

11.    Defendants named herein as "all persons unknown" claiming any legal or equitable right, title estate, lien or interest in the Subject Property described in this Complaint adverse to Plaintiff's title thereto and as DOES 1 through 100 ("UNKNOWN DEFENDANTS") are unknown to Plaintiff. These UNKNOWN DEFENDANTS, and each of them, claim some right, title, estate, lien or interest in the Subject Property hereinafter described adverse to Plaintiff's title and his claims, and each of them, constitute a cloud on Plaintiff's title to the Subject Property. Plaintiff is informed and believes and thereon alleges that each fictitiously named herein as a DOE is responsible for the events happening hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named Defendant's when ascertained.

12.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, the UNKNOWN DEFENDANTS are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers and co-conspirators of each and every other named or unnamed Defendant in this Complaint. Plaintiff is informed and believes and thereon alleges that each of said UNKNOWN DEFENDANTS are and were at all relevant times herein, acting within the scope and consent of the remaining named and unnamed Defendants.

13.    Whenever an act or omission of a corporation or business entity is alleged in this Complaint, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the acts or omissions were authorized by corporate managerial officers or directors and that ratified by the officers and directors of the corporation or business entity.

4

Exhibit A
p. 15

14.    Five (5) months after the above-mentioned purchase transaction Plaintiff was approved for a Home Equity Line of Credit from Defendant PFF in the amount of $250,000.00. Pursuant to the approval, the APR was 6.49% for twenty (20) years and was an introductory rate based on the index (WSJ Prime Rate) of 1.760%; the fully indexed rate was "Prime" with a 1.250% margin; maximum rate was 16.172% and paid off the purchase money loan of $130,000.00 (2nd loan) and $120,000.00 cash to Plaintiff.

15.    In order to approve and properly provide a repayment system to Plaintiff with appropriate and fair terms, it was the responsibility of Defendant PFF, as lender, to verify that Plaintiff possessed the ability to repay the credit extended to him. Defendant PFF's departure from the fundamental principles of loan underwriting formed the basis of abusive, deceptive and predatory lending. Defendant PFF lent monies to Plaintiff without determining if Plaintiff could reasonably repay his loans from resources other than the collateral securing his LOAN, and relied on the foreclosure value of Plaintiff's collateral to recover principal, interest and fees. The underwriting of Plaintiff's loans were flawed. Defendant PFF did not conduct a determination of Plaintiff's ability to repay his loans with complete disregard for the Guidance Letters issued by Federal Agencies and federal and state laws and lead to the potential for legal action under many statutes, UDAP laws, and common law principles.

16.    Defendants are subject to and must comply with the Federal Truth In Lending Act ("TILA")[15 U.S.C. §1601-16666j]; [24 C.F.R § 3500.1-3500.17]; the Real Estate Settlement Procedures Act ("RESPA" [12 U.S.C. § 2601 et.seq.]; California Business and Professions Code [§ 17200; Federal Trade Commission § 5]; 24 Code of Federal Regulations § 3500.10; § 10241.3; Unfair and Deceptive Business Practices and Acts [UDAP]; and California Civil Codes §§1918-1921 and1916.7; and Code of Federal Regulations § 226.23(3), among others.

## JURISDICTION

17.     The transactions and events which are the subject matter of this Complaint all occurred within the County of San Bernardino, State of California.

18.     The Subject Property is located within the County of San Bernardino, State of California.

## FACTUAL ALLEGATIONS

19.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

20.     For years, mortgage brokers and lenders have been selling loan products that they knew or should have known would never be able to be repaid by the borrower and would prevent borrowers from ever actually owning the home.  Instead, borrowers were offered interest-only, negative amortization, and/or other subprime loan products that amounted to no more than a short term lease until the payments became so unaffordable that the borrowers are now faced with either bankruptcy or foreclosure.  The housing bubble of the past decade was created by predatory lending practices, such as charging excessive fees, incorporating payment penalties, negative amortization payments, or other abusive terms in the agreements, providing kickbacks to brokers, flipping loans, using balloon payments to conceal the true burden of the financing, requiring unnecessary insurance and other products, including mandatory arbitration clauses, steering borrowers to subprime loans when they qualify for conventional loans, and using bait and switch tactics.  All were rampant within the industry without oversight or good judgment and found to be inconsistent with important national objectives, including the goals of fair access to credit, community development, and stable homeownership by the broadest spectrum of America.  Rather than offering a loan product that was viable and long-term for the borrower and lender, brokers and lenders greedily sold whatever they

could get away with, arguably the primary catalyst for what is now this country's worst economic crisis since the Great Depression.

21. The loan products sold to Plaintiff in the instant case were exactly the kind of loans that have contributed to the national problem. Defendants were aware of the trend and possessed the foresight to advise Plaintiff of the risks and intentionally concealed the negative implications of the loans they were offering Plaintiff. As a result, Plaintiff faces the potential of losing his home to the very entity and/or entities that placed him in that position.

22. On or about March 6, 2006 Plaintiff allegedly entered into a consumer credit transaction with Defendant PFF by obtaining a $750,000.00 mortgage loan secured by the Subject Property. This note was allegedly secured by a Deed of Trust on the Subject Property in favor of Defendant PFF.

23. Plaintiff's second loan was for $130,000.00 and was provided by Defendant USB.

24. Five (5) months after the purchase transaction Plaintiff was approved for a Home Equity Line of Credit, again, from Defendant PFF in the amount of $250,000.00 wherein Plaintiff paid off the second loan of $130,000.00 and retained $120,000.00 in cash.

25. On each of Plaintiff's loans, a "teaser rate" was utilized to deceive Plaintiff into believing he was building equity and paying down his loan when, in reality, he was paying interest only. Further, Plaintiff could not qualify for the teaser rate had it been a fixed rate. Defendants fraudulently lead Plaintiff into executing loan documents through an ARM loan, which was an inter-temporal transaction on which Plaintiff had only qualified at the initial teaser fixed rate, and could not qualify for the loan once the interest rate terms changed in five (5) years.

26. Plaintiff paid to Defendants interest rates, fees and/or fees/charges not justified by marketplace economics in place at the time the lien was originated.

7

FIRST AMENDED COMPLAINT

Exhibit A
p. 18

27.    All alternatives to full payments were designed to make sure that Plaintiff would qualify for only a percentage of the full payments. Defendants used this type of option to make sure Plaintiff fit into the product guidelines which they wanted him to fit.

28.    Plaintiff's loans contained inappropriate loan programs that were materially more expensive in terms of fees, charges and/or interest rates than alternative financing for which he qualified. This included prime borrowers who were placed into subprime loans, negative or interest only loans that resulted in loan terms whereby Plaintiff could never realistically repay his loans.

29.    Further, by Defendant PFF offering a "stated income" loan program to Defendant TRAVIATA and Defendant TRAVIATA falsifying Plaintiff's Loan Application to get Plaintiff approved for a loan, Defendant PFF is subject to a charge of aiding and abetting.

30.    The loan program offered to Plaintiff also resulted in the removal of his equity from the Subject Property through repeated refinances, consolidation of short-term debt into long-term debt, negative amortization or interest only loans whereby payments do not reduce principle, high fees and interest rates. Eventually, Plaintiff could not refinance due to lack of equity.

31.    Each subsequent Defendant who participated in or had been assigned or transferred rights or holds a position or interest under Plaintiff's loans, including Defendants PFF, USB, TRAVIATA, SOUTHLAND, FCI, MERS and UNKNOWN DEFENDANTS ("Defendants"), failed to perform due diligence in investigating the legal requirements that Plaintiff's loans should have been processed within. As a result, Defendants now hold an interest in Plaintiff's loans that were improperly handled from inception.

32.    The terms of Plaintiff's finance transactions with Defendants are not clear, conspicuous nor consistent, are illegal, and include extremely high ratios with respect to Plaintiff's income and liabilities. As orchestrated by Defendants, Plaintiff would have no value in the Subject

Property and would not be able to refinance out of the high rate, or consolidate his loans into one loan, due to lack of equity. Plaintiff was given loans that were inappropriate and more expensive in terms of fees, charges and/or interest rates than alternative financing for which Plaintiff could have qualified. The terms of the loans given to Plaintiff are such that he can never realistically repay them.

33. Defendants' acts of deception violated several statutes and, in essence, created an illegal loan. Further, Plaintiff's loans were underwritten without proper due diligence by Defendants PFF, USB and TRAVIATA as evidenced by their failure to verify Plaintiff's income utilizing signed IRS Income Tax Disclosure Form 4506T which would have provided Plaintiff's past tax return, or to verify Plaintiff's income or employment.

34. In addition, and unbeknownst to Plaintiff, Defendants PFF, USB and TRAVIATA illegally, deceptively and/or otherwise unjustly, qualified Plaintiff for loans which Defendants PFF, USB and TRAVIATA knew, or should have known, Plaintiff could not qualify for or afford. For example, the underwriter approved Plaintiff's loans based only upon Plaintiff's credit scores and stated income. Had Defendants PFF, USB and TRAVIATA used a more accurate and appropriate factor, such as tax returns and a more determinative level of scrutiny of determining the debt-to-income ratio, Plaintiff would not have qualified for the loans in the first place. Consequently, Defendants PFF, USB and TRAVIATA sold Plaintiff a loan product that they knew, or should have known, could never be able fully paid back by Plaintiff. Defendants PFF, USB and TRAVIATA ignored long-standing economic principals of underwriting and instead, knowingly, liberally, greedily and without regard for Plaintiff's rights sold Plaintiff deceptive loan products.

35. Defendants made no determination of Plaintiff's ability to repay the loans, with complete disregard for the Guidance Letters issued by Federal Agencies and federal and state law.

9

**Exhibit A**
**p. 20**

36.     Defendants, and each of them, did not explain to Plaintiff the workings of the loan transactions, how the rates, finance charges, costs and fees were computed, nor the inherent volatility of the loan products provided.

37.     Defendants utilized excessive closing costs/fees that are actionable for treble damages pursuant to 12 U.S.C. § 2607. Those fees include, but are not limited to, Defendants' PFF, USB and TRAVIATA loan origination fee and a Yield Spread Premium ("YSP"), plus processing fees. Defendants PFF and USB paid Defendant TRAVIATA premiums for increased yields in rates. In the case of an ARM the lenders higher yield is in the margin and, the higher the margin is for Plaintiff, the higher the premium is to the broker, Defendant TRAVIATA. The purpose of Plaintiff entering into his loans was to eventually own the Subject Property, and to receive a rental income from the property, enabling him to make a living. Plaintiff's purpose was knowingly and intentionally thwarted and made impossible by Defendants' actions alleged herein.

38.     An expert, certified, forensic audit of the Plaintiff's loan documents revealed violations that were incurred during the handling and processing of Plaintiff's loans, as follows:

39.     Plaintiff is informed and believes and thereon alleges that the underwriter approved Plaintiff's loans based only upon stated income, a medium-to-high risk credit score and a belief that the Subject Property would continue to increase in value.

40.     Plaintiff is informed and believes and thereon alleges that based on a Real Income Analysis, with the type of take-home income Plaintiff possesses, which was clearly disclosed to Defendants, that Plaintiff would not be able to support the loan payments over an extended period.

41.     Plaintiff is informed and believes and thereon alleges that Defendants failed to provide Plaintiff with written notice of the furnishing of negative credit information to consumer reporting agency after Defendants furnished such negative credit information about Plaintiff.

42.    Plaintiff is informed and believes and therefore alleges that prior to the consummation of his loans, Defendants did not provide him with a California Insurance Disclosure as mandated by law.

43.    Plaintiff is informed and believes and thereon alleges that Defendants breached their fiduciary duties to Plaintiff because they knew, or should have known, that Plaintiff would or had a strong likelihood of defaulting on his loans.  Defendants, and each of them, had a fiduciary duty to not place Plaintiff in the loans they sold to him and not place him in harm's way.

44.    Plaintiff is informed and believes and thereon alleges that it was in the best interest of Defendants to promote the particular program for which they approved Plaintiff and did so to maximize profits for themselves, devoid of any concern for Plaintiff's financial position or livelihood.

45.    Plaintiff is informed and believes and thereon alleges that as a result of the practices of Defendants, and each of them, throughout the handling of Plaintiff's loans, he was a victim of practices that are consistent with the definition of predatory lending.

46.    Plaintiff is informed and believes and thereon alleges that Defendants provided inadequate disclosure to Plaintiff of the true costs, risks and, where necessary, appropriateness of the loan transactions in violation of the Federal Trade Commission Act.

47.    Plaintiff is informed and believes and thereon alleges that Defendants engaged in unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, rising to unfair and deceptive business practices, in violation of California Business and Professions Code § 17200 and the Unfair and Deceptive Acts and Practices statutes ("UDAP").

///

///

# FIRST CAUSE OF ACTION

## Declaratory Relief

### (Against All Defendants)

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by operation of law, pursuant to 24 Code of Federal Regulations 3500.10, the California Civil Code, California Business and Professions Code, UDAP, TILA and RESPA. Thus the purported power of sale by Defendants no longer applies. Plaintiff further contends that Defendants do not have the right to foreclose on the Subject Property because Defendants did not properly comply with mandated delivery procedures under RESPA. Plaintiff further contends that Defendants perpetrated fraudulent loan transactions.

50. Plaintiff requests that this Court find the purported power of sale contained in Plaintiff's loans of no force and effect at this time, because Defendants' actions in the processing, handling and attempted foreclosure of Plaintiff's loans has contained numerous violations of state and federal laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants. Plaintiff further requests that title to the Subject Property remain in Plaintiff's name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation.

///

///

51.     As a result of the Defendants' actions, Plaintiff has suffered damages according to proof, and seeks declaratory relief that Defendants' purported power of sale is void and has no force or effect against the Subject Property.

52.     Further, Defendants' actions have been willful, knowing and malicious.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION

### Injunctive Relief

### (Against All Defendants)

53.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54.     Defendants have commenced a foreclosure action under Plaintiff's note and have scheduled a non-judicial sale that will cause Plaintiff great and irreparable injury in that real property is unique.

55.     The wrongful conduct of Defendants, unless restrained and enjoined by an order of this Court, has caused and will continue to cause great and irreparable harm to Plaintiff and Plaintiff will not have the beneficial use and enjoyment of the Subject Property and will lose his property.

56.     Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it is and will be impossible for Plaintiff to determine the precise amount of damage Plaintiff will suffer.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///

**FIRST AMENDED COMPLAINT**

Exhibit A
p. 24

## THIRD CAUSE OF ACTION

### Determine Nature, Extend and Validity of Lien

### under California Commercial Code § 9313

### (Against All Defendants)

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. A written instrument that purports to be a Deed of Trust executed by Plaintiff is presently in existence and under Defendants' control and is voidable in that there is no enforceable underlying promissory note for the Deed of Trust to secure.

59. Prior to the commencement of this case, Defendants PFF and USB purportedly received copies of a promissory note from Defendant SOUTHLAND. Plaintiff is informed and believes and thereon alleges that Defendants PFF, UBB, SOUTHLAND, and any other, unknown holder in due course, did not deliver to any of the named Defendants the original promissory note nor did Defendants ever take actual possession of the original promissory note, as required under California Commercial Code § 9313.

60. Defendants failed to comply with California Commercial Code § 9313 by not perfecting their interest in the above-referenced Deed of Trust and therefore, it is void as to Plaintiff by virtue of 11 U.S.C. § 544.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///

///

## FOURTH CAUSE OF ACTION

### Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

61.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62.     Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.  This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.  The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose.  This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

63.     The terms of Plaintiff's loans imposed upon Defendants a duty of good faith and fair dealing.

64.     Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint and Defendants, and each of them, are required to exercise such power in good faith.

65.     Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendants:

(1)     Willfully withheld numerous vital disclosures;

(2)     Willfully withheld notices in regard to excessive fees and finance charges including YSP, underwriting standards, good faith estimates, disclosures of

additional income due to interest rate increases, and failure to disclose when

negative credit scores were disseminated;

(3) Willfully placed Plaintiff in loans that he did not qualify for, could not afford,

and subjected him to further financial detriment, while providing Defendants

with financial benefits they would not have otherwise enjoyed.

66.     As a result of Defendants' breach of the covenant, Plaintiff has suffered injury and the threat of losing his property. Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right Defendants' wrongdoing.

67.     Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FIFTH CAUSE OF ACTION

### Violation of Truth In Lending Act, 15 U.S.C. § 1601, *et.seq.*

### (Against All Defendants)

68.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.     The Truth In Lending Act ("TILA") applies in Plaintiff's action because the transactions between Defendants and Plaintiff involve the extension of credit to a consumer for personal, family or household purposes that is subject to a finance charge and/or payable by written agreement in more than four installments per 15 U.S.C. §§ 1601-1666j.

///

///

16

FIRST AMENDED COMPLAINT

70.     Defendants violated TILA by failing to provide Plaintiff with accurate material disclosures required under TILA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of ARM loans in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders. It also requires the lender to offer other loan products that might be more advantageous for Plaintiff under the same qualifying matrix.

71.     Plaintiff was offered his loans without knowing that it is a negative amortizing loan subject to a loan-to-value greater than that of the original loan-to-value and without knowing that as a loan payment is made, the balance increases, increasing the loan-to-value ratio.   Defendants intentionally did not specifically and clearly disclose this information to Plaintiff.

72.     Any and all statutes of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, *et.seq.* are tolled due to Defendants' failure to effectively provide the required disclosures and notices.

73.     An actual controversy now exists between Defendants and Plaintiff wherein Plaintiff contends he has the right to rescind his loans on the Subject Property as alleged in this Complaint, and Defendants deny that right.

74.     As a direct and proximate result of Defendants' violations Plaintiff has incurred and continues to incur damages in an amount according to proof but not yet ascertained including without limitation, statutory damages and all amounts paid or to be paid in connection with the transaction.

75.     Defendants were unjustly enriched at the expense of Plaintiff who is therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants.

76.     Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### SIXTH CAUSE OF ACTION

### Violation of Real Estate Settlement and Procedures Act (RESPA)

### (Against All Defendants)

77.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.     Real Estate Settlement and Procedures Act ("RESPA") applies in the instant action because a lender that regularly extends federally related mortgage loans aggregating more than $1 million per year, and intended for the purchase of a one- to four-family residential property are subject to RESPA pursuant to 12 U.S.C. §§ 2601-2617.

79.     Housing and Urban Development's (HUD's) 1999 Statement of Policy established a two-part test for determining the legality of lender payments to mortgage brokers for table funded transactions and intermediary transactions under RESPA:

(1) Whether goods or facilities were actually furnished or services were actually performed for the compensation paid and;

(2) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

In applying this test, HUD believes that total compensation should be scrutinized to assure that it is reasonably related to the goods, facilities, or services furnished or performed to determine whether it is legal under RESPA.

80.     Defendants were aware that in order to earn a YSP the broker would increase the amount of the margin that Plaintiff would pay, which increases his interest rate and the monthly payment. The increase in the monthly payment multiplied over three (3) years will be the YSP and it takes the borrower three (3) years to repay the YSP. Once the three (3) year repayment period has ended, the margin on the interest rate does not drop, instead, the borrower continues to pay at the same interest rate and the lender reaps the benefits of the higher payment.

81.     Defendants deceptively explained this to Plaintiff by stating that YSP was a "credit for closing costs" or other bait and switch tactics which significantly affected Plaintiff's payment and financial situation. By allowing Defendant TRAVIATA to earn YSP, Defendants PFF and USB would earn excessive fees over the life of Plaintiff's loans, if carried to maturity. As a result of the higher interest rate, Defendants PFF, USB and TRAVIATA enjoyed the benefits of unjust enrichment.

82.     Defendants did not explain to Plaintiff that YSP meant he would be paying this through his loan payments and also failed to provide a separate fee agreement regarding YSP that Defendants PFF, USB and TRAVIATA have enjoyed, resulting in the benefits of unjust enrichment for Defendants PFF, USB and TRAVIATA.

83.     Defendants violated RESPA because the payments to Defendants PFF, USB and TRAVIATA were misleading and designed to create a windfall. The actions of Defendants were deceptive, fraudulent and self serving.

84.     As a proximate result of Defendants' actions, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///

Exhibit A
p. 30

## SEVENTH CAUSE OF ACTION

### Violation of California Civil Code §§ 1918.5-1921

### (Against All Defendants)

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. California Civil Code § 1920(a) states:

"Any mortgage instrument that is made pursuant to the provisions of this chapter shall meet ... Standards for the adjustment of interest rates or monthly payments shall consider factors, which can reasonably be deemed to affect the ability of borrowers to meet their mortgage obligations."

87. Plaintiff's loans were based only upon a credit score, stated income (without verification) and a belief that the Subject Property would continue to increase in value. Defendants did not conduct any realistic means test regarding Plaintiff's ability to repay his loans.

88. Additional documentation was available to Defendants in the form of W-2s, income information, tax records, etc., to determine Plaintiff's ability to repay his loans, and the failure to do so by Defendants violates California Civil Code § 1920(a).

89. Pursuant to California Civil Code §§ 1918.5-1921, Defendants PFF and USB were required to notify Plaintiff of any changes in the interest rate and monthly payment of his loans. Defendants were aware that the fully amortized rate changes monthly, and that Plaintiff should have been notified monthly, has and Defendants failed to do so in violation of the above law.

90. As a proximate result of Defendants' actions, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

///

**Exhibit A**
**p. 31**

## EIGHTH CAUSE OF ACTION

### Violation of California Civil Code § 1916.7(b)(2)

### (Against All Defendants)

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     California Civil Code § 1916.7(b)(2) states:

"Changes in interest and monthly payment shall not occur more often than twice during any annual period and at least six months shall elapse between any two changes. The rate of interest and monthly payments shall not change during the first semiannual period. The amount of any increase in monthly payment shall not exceed 7.5 percent annually."

93.     Option ARM mortgages are tied to indexes that can change monthly and as the index changes, so does the interest rate. Therefore, by the fact that the interest rate can change monthly, the Option ARM Mortgage provided to Plaintiff was in violation of the above statute.

94.     In Plaintiff's case, the ARM note disclosed that the payments adjust monthly and not semi-annually as mandated by this sub-section and therefore is in violation.

95.     As a proximate result of Defendants' actions, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein.

## NINTH CAUSE OF ACTION

### Violation of California Civil Code § 1916.7(b)(4)(B)

### (Against All Defendants)

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

21

FIRST AMENDED COMPLAINT

97.    California Civil Code § 1916.7(b)(4)(B) states:

"Whenever any monthly installment is less than the amount of interest accrued during the month with respect to which the installment is payable, the borrower shall have the option to ... have the difference added to the principal of the loan as of the due date of the installment and thereafter shall bear interest as part of the principal. In no instance shall the difference which is added to the principal be an amount which causes the resulting loan-to-value ratio to exceed the loan-to-value ratio at the time of loan origination."

98.    Plaintiff's loans are negative amortizing loans and subject to the loan-to-value being greater than the original loan-to-value, and as each minimum payment is made, the balance increases, increasing the loan-to-value ratio, thus violating the above statute.

99.    As a proximate result of Defendants' actions, Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as set forth herein.

## TENTH CAUSE OF ACTION

### Violation of California Civil Code § 2932.5

### (Against All Defendants)

100.    Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

101.    California Civil Code § 2932.5 states:

"Where a power to sell real property is given to a mortgagee, or other entity whom has placed an encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded."

102.    Defendant MERS has been named the beneficiary for Plaintiff's loans.  Defendant MERS was created to eliminate the need for the executing and recording of assignment of mortgages, with the idea that Defendant MERS would be the mortgagee of record.  This would allow

FIRST AMENDED COMPLAINT

Defendant MERS to foreclose on the property, and at the same time, assist Defendant PFF in avoiding the recording of the Assignments of Beneficiary on loans sold. This saved Defendant PFF money in manpower and the costs of recording these notes. It was also designed to "shield" investors from liability as a result of lender misconduct regarding the process of mortgage lending.

103.     Defendant MERS is simply an "artificial" entity designed to circumvent certain laws and other legal requirements dealing with mortgage loans. By designating certain member employees to be Defendant MERS corporate officers, it has created a situation whereby the foreclosing agency and Defendant MERS' "designated officer" has a conflict of interest.

104.     Neither Defendant MERS nor the servicer has a beneficial interest in the note, or receives income from the payments, and since it is actually an employee of the servicer signing the Assignment in the name of Defendant MERS, the Assignment executed by Defendant MERS' employee is illegal.  The actual owner of the note has not executed the Assignment to the new party. An assignment of a mortgage in the absence of the assignment and physical delivery of the note will result in a nullity.

105.     It must also be noted that Defendants PFF and USB or other holder of the note register Plaintiff's loans on Defendant MERS. Thereafter, all sales or assignments of Plaintiff's loans are accomplished electronically under Defendant MERS' system. Defendant MERS never acquired actual physical possession of Plaintiff's mortgage note, nor does it acquire any beneficial interest in Plaintiff's note.

106.     The existence of Defendant MERS indicates numerous violations of the California Business and Professions Code as well as UDAP due to the conflicting nature and identity of the servicer and the beneficiary.  Each of these practices was intentionally designed to mislead Plaintiff and to benefit Defendants.

107. Pursuant to California Civil Code § 2932.5 Defendant MERS has no legal standing to foreclose.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth herein.

## ELEVENTH CAUSE OF ACTION

### Fraud – California Civil Code § 1572

### (Against All Defendants)

108. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

109. Defendants intentionally, willfully and wantonly engaged in acts with the purpose of deceiving Plaintiff and inducing him to part with his personal and real property by using a "stated income" loan.

110. Plaintiff's Credit Application, available W-2s and Loan Application provided to Defendants was enough for Defendants to know what type of loan should be offered to Plaintiff, and clearly showed what Plaintiff could, and could not, afford. Any falsification of a credit application by a broker or seller for the purposes of securing a loan is *de facto* fraud. *U.S. v. Robinson*, 4th Circuit, 2004.

111. Defendants engaged in the unlawful suppression of facts or circumstances by one of the parties to a contract from the other, for self-serving purposes and financial gain, which in justice ought to be made known.

112. Plaintiff's loans were fraudulent because: a) it was not clear that Plaintiff would be in negative-amortization from the beginning; b) the teaser rate offered at the beginning of Plaintiff's loans were illusory and never really in effect; c) the payment schedule on the TILA did not identify

24

**Exhibit A**
p. 35

the kind of payment, i.e., negative-amortization, that Plaintiff was getting; and d) underwriting Plaintiff based on a negative-amortization payment was "knowingly" selling a mortgage loan that would fail.

113.    Plaintiff relied on Defendants' deception, which was the actual and proximate cause of Plaintiff's damages.

114.    Plaintiff is entitled to exemplary and punitive damages for Defendants' fraudulent conduct in an amount to be determined at trial. Further, fraudulent concealment voids the contract.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## TWELFTH CAUSE OF ACTION

### Unfair And Deceptive Business Act Practices (UDAP)

### (Against All Defendants)

115.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

116.    Defendants failed to undergo a diligent underwriting process for Plaintiff's LOAN as alleged in this Complaint. Defendants also failed to properly adjust and disclose facts, and circumstances, relating to Plaintiff's loans and placed Plaintiff in the loans, by way of stated income and misleading facts, which Plaintiff should never have been approved for because he could not afford it. Defendants had knowledge of these facts, circumstances and risks but failed to disclose them to Plaintiff and used various rates and charges to disguise the actual payment schedule and loaned amount. Defendants enjoyed unjust enrichment and have profited and deceptively preyed upon Plaintiff and his naïve nature in the industry.

117.    By reason of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, Defendants have violated California Business and Professions Code § 17200 *et. seq.*

by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of his home, equity, as well as his past and future investment.

118.    By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in an amount which is, as yet unascertained.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## THIRTEENTH CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against Defendants)

119.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

120.    Defendants owed a fiduciary duty to Plaintiff and breached that duty by failing to advise or notify Plaintiff when Defendant TRAVIATA knew, or should have known, that Plaintiff would, or had a likelihood of, defaulting on his loans. Defendants, and each of them, had a fiduciary duty to Plaintiff not to place him in a loan that put Plaintiff in harm's way.

121.    Plaintiff's loans were clearly and solely in the best interest of Defendants to promote the particular program for which they approved Plaintiff that led to a maximization of profits for Defendants, and that was devoid of any concern for Plaintiff. A 30-year fixed loan would have netted less return for Defendants, but would have been a much better loan for Plaintiff.

122.    Defendants PFF and USB failed to provide material disclosures regarding Plaintiff's loans and the loans' interest rates to Plaintiff.

123.    Defendants failed to fully comply with TILA regulations and laws designated to protect Plaintiff and their failure to do so placed Plaintiff at a serious disadvantage with the potential

Exhibit A
p. 37

of losing his property. Such actions are in violation of Defendants' fiduciary responsibilies owed to Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FOURTEENTH CAUSE OF ACTION

### Unconscionability – Universal Commercial Code-2-3202

### (Against All Defendants)

124. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

125. Universal Commercial Code-2-3202 states, in part:

"If the court, as a matter of law, finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination."

126. In Plaintiff's case, based on Defendants' deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that Defendants were required to follow, coupled with the windfall Defendants reaped financially from their predatory practices upon Plaintiff, the Court may find that Plaintiff's LOAN and Deed of Trust are unconscionable and of no force or effect.

WHEREFORE, Plaintiff prays for restitution and relief as set forth herein.

///

///

## FIFTEENTH CAUSE OF ACTION

### Predatory Lending; California Business and Professions Code § 17200

### (Against All Defendants)

127.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

128.    The Office of Comptroller of the Currency defines "Predatory Lending" as any lien secured by real estate which shares well known common characteristics that result in Unfair and Deceptive Business Practices under California Business and Professions Code § 17200.

129.    Acts undertaken by Defendants in Plaintiff's acquisition of his loans are consistent with the Office of the Comptroller's definition of "Predatory Lending" and include the fact that Plaintiff's loans were marketed in a way that fails to fully disclose all material terms and includes terms and provisions which are unfair, fraudulent or unconscionable.

130.    Plaintiff's loans were marketed in whole or in part on the basis of fraud, exaggeration, misrepresentation or the concealment of a material fact and were underwritten without due diligence by Defendants originating Plaintiff's loans.

131.    Plaintiff's loans do not plainly and prominently disclose the good faith estimate of closing costs and size of any YSP paid directly or indirectly, in whole or in part, to a mortgage loan officer.

132.    Plaintiff's loans contain loan terms whereby he can never realistically repay the loans, representative of bait and switch tactics.

133.    Plaintiff's loans, through repeated refinances, remove Plaintiff's equity from his investment in the Subject Property along with consolidation of short-term debt into long-term debt,

negative amortization or interest only loans whereby payments are not reducing principle, high fees and interest rates. Eventually, Plaintiff cannot refinance due to lack of equity resulting in equity stripping.

134. Plaintiff's loans are negative amortization loans, where he is under the belief that the payment and rate are actually such that the balance on his loans can increase monthly.

135. Plaintiff's loans are based on a Loan Application that was inappropriate for him in that it was a "no income stated" application, although Plaintiff was employed and could have provided pay stubs, W-2s and tax returns.

136. Plaintiff's loans were underwritten without due diligence by Defendants originating his loans, as Defendants did not conduct any realistic means tests for determining Plaintiff's ability to repay his loans and made no request or requirement of documentation verifying Plaintiff's income, assets or job verification.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTEENTH CAUSE OF ACTION

### Quiet Title

### (All Defendants Claiming Any Interest In the Subject Property)

137. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

138. Plaintiff is at all times herein mentioned the owner and/or entitled to possession of the Subject Property, until the date of sale that transferred physical possession of the Deed of Trust to the non-bonafide subsequent purchaser.

139. Plaintiff is informed and believes and thereon alleges that Defendants, and each of

**Exhibit A**
**p. 40**

them, claim an interest in the Subject Property adverse to Plaintiff. However, as a result of the conduct more fully described in the preceding allegations, the claims of Defendants are without any rights whatsoever, and said Defendants have no legal or equitable right, claim, or interest in the Subject Property.

140.     Plaintiff therefore seeks a declaration that title to the Subject Property is vested in Plaintiff alone and that Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the Subject Property adverse to Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth herein.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE Plaintiff will ask for the following for each Cause of Action sustained:

1. For Compensatory Damages in an amount to be determined by proof at trial;

2. For Special Damages in an amount to be determined by proof at trial;

3. For General Damages in an amount to be determined by proof at trial;

4. For Treble Damages in an amount to be determined by proof at trial;

5. For Punitive Damages as against the individual Defendants;

6. For Attorney's Fees and Costs of this action;

7. For Declaratory Relief, including a declaration that Plaintiff is the prevailing party;

8. For an Injunction, enjoining any foreclosure proceeding on the Subject Property;

9. For a judgment rescinding the Loan and Security Agreement and setting forth terms of restitution;

10. For a judgment ordering that the Defendants provide proof of authority to foreclose by producing the promissory note;

11. Quiet Title;

12. For any prejudgment or other interest according to law; and

**FIRST AMENDED COMPLAINT**

13. Any other and further relief that the Court considers just and proper.

Dated: November 4, 2009

MICHELMAN & ROBINSON, LLP

Tina M. Alleguez, Esq.
Attorneys for Plaintiff
CURTIS CORUM

31

FIRST AMENDED COMPLAINT

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

— Tina M. Alleguez (SBN 136562)
Michelman & Robinson, LLP
15760 Ventura Blvd, 5th Floor
Encino CA 91436
**TELEPHONE NO.:** 818-783-5530   **FAX NO. (Optional):** 818-783-5507
**E-MAIL ADDRESS (Optional):** talleguez@mrllp.com
**ATTORNEY FOR (Name):** Plaintiff, CURTIS CORUM

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
**STREET ADDRESS:** 6527 White Feather Road
**MAILING ADDRESS:** 6527 White Feather Road
**CITY AND ZIP CODE:** Joshua Tree, CA 92252
**BRANCH NAME:** JOSHUA TREE DISTRICT

F I L E D

**NOV 0 4 2009**

By: _____ Dep. Clerk
SAN BERNARDINO COUNTY
SUPERIOR COURT, JOSHUA TREE DISTRICT

**CASE NAME:**
Curtis Corum v. PFF BANCORP, INC., et al.

| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>(Without Court Order) | **CASE NUMBER:**<br>CIVMS900845 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): _____ makes the following substitution:

1. Former legal representative ☑ Party represented self ☐ Attorney (name):
2. New legal representative ☐ Party is representing self ☑ Attorney
   a. Name: Tina M. Alleguez   b. State Bar No. (if applicable): 136562
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      Michelman & Robinson, LLP
      15760 Ventura Blvd, 5th Floor, Encino CA 91436
   d. Telephone No. (include area code): 818-783-5530
3. The party making this substitution is a ☑ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other (specify):
   CURTIS CORUM

**NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association . . . . . .

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date: October 24, 2009
   CURTIS CORUM
   _____ (TYPE OR PRINT NAME)
   ▸ *Curtis Corum* 10/22/09 (SIGNATURE OF PARTY)

5. ☒ I consent to this substitution.
   Date: 10/22/09
   CURTIS CORUM
   _____ (TYPE OR PRINT NAME)
   ▸ *Curtis Corum* (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: October 26, 2009
   Tina M. Alleguez
   _____ (TYPE OR PRINT NAME)
   ▸ *Tina M. Alleg...* (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)   Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>(Without Court Order) | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|---|

**Exhibit A**

1     AFTER RECORDING RETURN TO:

2     Tina M. Alleguez     (SBN 136562)
     MICHELMAN & ROBINSON, LLP
3     15760 Ventura Blvd., 5th Floor
     Encino, CA 91436
4     Tel: (818) 783-5530
     Fax: (818) 783-5507
5

6     Attorneys for Plaintiff Curtis Corum

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SAN BERNADINO**

10

11    CURTIS CORUM, an individual,       )   Case No.: **CIV MS 900 845**

12             Plaintiff,          )

13      v.                        )

14                               )    **NOTICE OF ACTION PENDING**
   PFF BANCORP, INC, a/k/a PFF BANK &   )    **(LIS PENDENS)**
15    TRUST, a Delaware corporation doing business )
   in California; US BANK, N.A., a Minnesota )
16    corporation doing business in California; FCI )
   LENDER SERVICES, INC., a California )
17    corporation; TRAVIATA LENDING, a Business )
   Entity, form unknown; SOUTHLAND TITLE, a )
18    Business Entity, form unknown; MORTGAGE )
19    ELECTRONIC REGISTRATION SYSTEMS, )
   INC. a Business Entity, form unknown; and )
20    DOES 1-100 inclusive, )
21                               )
            Defendants.        )
22                               )

23

24

25

26

27                                1

28                   NOTICE OF PENDING ACTION
                     (LIS PENDENS)

**PLEASE TAKE NOTICE** that an action was commenced in the above Court on October 19, 2009 upon a Complaint by CURTIS CORUM against PFF BANCORP, INC, a/k/a PFF BANK & TRUST; US BANK, N.A.; FCI LENDER SERVICES, INC.; TRAVIATA LENDING; SOUTHLAND TITLE; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and DOES 1-100 and is now pending.

**PLEASE TAKE FURTHER NOTICE** that this action concerns real property described below and that Plaintiff CURTIS CORUM seeks relief in this action affecting title to real property in the County of San Bernardino, State of California, known as 53910-53928 Ridge Road, Yucca Valley CA 92284, and legally described as Lot 66, District 16, Tract 4762, Morongo Basin. Recorder of said County, Assessor's Parcel Number is 0585-291-03.

Dated: November 11, 2009

MICHELMAN & ROBINSON, LLP

Tina M. Alleguez, Esq.
Attorneys for Plaintiff
CURTIS CORUM



WEEN MICHEL ANGULO-AGUIRRE
Commission # 1848068
Notary Public - California
Los Angeles County
My Comm. Expires Apr 24, 2013

### ACKNOWLEDGMENT

State of California      )
                         ) ss.
County of Los Angeles    )

On November 11, 2009, before me, Ween Michel Angulo Aguirre, Notary Public, personally appeared **Tina M. Alleguez**, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and seal:          Signature:

2

**NOTICE OF PENDING ACTION**
**(LIS PENDENS)**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tina M. Alleguez, Esq.    (Bar # 136562)<br>Michelman & Robinson, LLP<br>15760 Ventura Blvd., 5th Floor<br>Encino, CA 91436<br>TELEPHONE NO.: (818) 783-5530    FAX NO. *(Optional):* (818) 783-5507<br>E-MAIL ADDRESS *(Optional):* talleguez@mrllp.com<br>ATTORNEY FOR *(Name):* CURTIS CORUM, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 6527 White Feather Road
MAILING ADDRESS: 6527 White Feather Road
CITY AND ZIP CODE: Joshua Tree, CA 92252
BRANCH NAME: Joshua Tree District

PLAINTIFF/PETITIONER: CURTIS CORUM

DEFENDANT/RESPONDENT: PFF BANCORP, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIVMS900845 |
|---|---|

TO *(insert name of party being served):* Eric Alderete, Esq. c/o US Bank, 3121 Michelson Drive, 5th Floor, Irvine, CA 92612

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 20, 2009

TINA M. ALLEGUEZ, ESQ.
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☐   A copy of the summons and of the complaint.
2. ☒   Other *(specify):*
   SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT;
   SUBSTITUTION OF ATTORNEY; NOTICE OF ACTION PENDING (LIS PENDENS)

*(To be completed by recipient):*

Date this form is signed:   12/1/2009

Eric M. Alderete
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT A
p. 40

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Tina M. Alleguez, Esq.   (Bar # 136562)<br>Michelman & Robinson, LLP<br>15760 Ventura Blvd., 5th Floor<br>Encino, CA 91436<br>TELEPHONE NO.: (818) 783-5530   FAX NO. (Optional): (818) 783-5507<br>E-MAIL ADDRESS (Optional): talleguez@mrllp.com<br>ATTORNEY FOR (Name): CURTIS CORUM, Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO |
|---|
| STREET ADDRESS: 6527 White Feather Road |
| MAILING ADDRESS: 6527 White Feather Road |
| CITY AND ZIP CODE: Joshua Tree, CA  92252 |
| BRANCH NAME: Joshua Tree District |

| PLAINTIFF/PETITIONER: CURTIS CORUM |
|---|
| DEFENDANT/RESPONDENT: PFF BANCORP, INC., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIVMS900845 |
|---|---|

TO (insert name of party being served): Eric Alderete, Esq. c/o PFF BANK CORP., 3121 Michelson Drive, 5th Floor, Irvine, CA 92612

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 20, 2009

TINA M. ALLEGUEZ, ESQ.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other (specify):

SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT; SUBSTITUTION OF ATTORNEY; NOTICE OF ACTION PENDING (LIS PENDENS)

(To be completed by recipient):

Date this form is signed:   12/1/2009

Eric M. Alderete
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>LexisNexis® Automated California Judicial Council Forms

RECEIVED

DEC - 2 2009

FROM COMPLIANCE

1   Tina M. Alleguez, Esq. (SBN 136562)
2   Teresa M. Wainman, Esq. (SBN 143825)
    MICHELMAN & ROBINSON, LLP
3   15760 Ventura Blvd., 5th Floor
4   Encino, CA 91436
    Tel: (818) 783-5530
5   Fax: (818) 783-5507
6   Attorneys for Plaintiff, CURTIS CORUM

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF RIVERSIDE**

10

11   CURTIS CORUM, an individual,       )   **Case No: CIV MS 900845**
                                          )
12             Plaintiff,                 )
                                          )
13     v.                           )   **NOTICE OF RULING**
                                          )
14   PFF BANCORP, INC., a/k/a PFF BANK & )
    TRUST, a Delaware corporation doing business )
15   in California; U.S. BANK, N.A., a Minnesota )
    corporation doing business in California; FCI )
16   LENDER SERVICES, INC., a California; )
17   TRAVIATA LENDING, a Business Entity, form )
    unknown; SOUTHLAND TITLE, a Business )
18   Entity, form unknown; MORTGAGE )
19   ELECTRONIC REGISTRATION SYSTEMS, )
    INC., a Business Entity, form unknown; and )
20   DOES 1-100 inclusive, )
                                          )
21           Defendants.             )
22                                           )

23

24       TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

25       PLEASE TAKE NOTICE that on November 25, 2009, a hearing on Plaintiff CURTIS

26   CORUM'S ("Plaintiff") *Ex Parte* Application for a Temporary Restraining Order came on regularly

27   for hearing before Judge Vander Feer in Department M4 of the above-entitled Court located at 6527

28   White Feather Road, Joshua Tree, California, 92252.

**Exhibit A**
p. 48

190636

#192417

2   Teresa M. Wainman from Michelman & Robinson, LLP, appeared on behalf of Plaintiff and

3   there was no appearance made by counsel on behalf of any other party named herein.

4       The Court ruled as follows:

5       1.      Plaintiff's Temporary Restraining Order was granted restraining Defendants, their

6   employees, agents and any person acting with Defendants or on Defendants' behalf from selling

7   Plaintiff's Property located at 53910-53928 Ridge Road, Yucca Valley, California 92284

8   ("Property") until Plaintiff's Motion for Preliminary Injunction is heard on December 23, 2009

    commencing at 8:30 a.m. in the above-referenced Court;

9       2.      Plaintiff's Notice of Motion and Motion for Preliminary Injunction shall be served on

10  Defendants by facsimile or US Mail no later than November 27, 2009;

11      3.      Opposition papers to the Motion for Preliminary Injunction shall be filed and served

12  on Plaintiff by facsimile or US Mail no later than December 11, 2009; and

13      4.      Reply papers to the Motion for Preliminary Injunction shall be filed and served by

14  facsimile or US Mail no later than December 16, 2009.

15      A true and correct copy of the Order Re Temporary Restraining Order and Order to Show

16  Cause re Preliminary Injunction is attached hereto as Exhibit A.

17

18  Dated: November 30, 2009          MICHELMAN & ROBINSON, LLP

19

20                                    Teresa M. Wainman, Esq.
21                                    Attorney for Plaintiff CURTIS CORUM

190636

#192417

**PROOF OF SERVICE**
*Curtis Corum v. PFF Bancorp, Inc., et al.*
LASC Case No. CIVMS900845

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15760 Ventura Boulevard, 5th Floor, Encino, CA 91436.

On **December 1, 2009,** I served the foregoing document described as follows: **NOTICE OF RULING,** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes to the following addressee:

**SEE ATTACHED SERVICE LIST**

[X]  **BY MAIL:** I caused such envelope to be deposited in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the law firm's practice of collection and processing correspondence for mailing. Under the practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter is more than one day after the date of deposit for mailing the affidavit.

[ ]  **VIA FACSIMILE:** I caused such documents to be transmitted from facsimile number (818) 783-5507 to the facsimile machine(s) of interested parties on the date specified above. The facsimile machine I used was in compliance with Rule 2003(3) and the transmission was reported as complete without error. Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on **December 1, 2009,** Encino, California.

_____
AMY STARK

## SERVICE LIST

Eric Alderete, Esq.
c/o US Bank, N.A.
3121 Michelson Drive, 5th Floor,
Irvine, CA 92612
**ATTORNEY FOR PFF BANCORP, INC., U.S. BANK, N.A. and FCI LENDER SERVICES, INC.**

James Knoles, Esq.
Law Offices of Lez Zieve
18377 Ocean Blvd., Suite 210
Huntington Beach, CA 92648
**ATTORNEY FOR PFF BANCORP, INC., U.S. BANK, N.A. and FCI LENDER SERVICES, INC.**

Mortgage Electronic Registration Systems, Inc.
c/o Joe Patry, Esq.
1818 Library St., Ste 300
Reston, VA 20190

Traviata, Inc.
c/o Michael Cone
100 W. Main Street, Suite 1
Tustin, CA 92780

Southland Title Corporation
c/o Capitol Corporate Services, Inc.
455 Capitol Mall, Suite 217
Sacramento, CA 95814

First American Title Insurance Company
c/o Timothy P. Sullivan
1 First American Way
Santa Ana, CA 92707