RECEIVED

DEC - 4 2009

RPM COMPLIANCE

1  Tina M. Alleguez, Esq. (SBN 136562)
2  Teresa M. Wainman, Esq. (SBN 143825)
   MICHELMAN & ROBINSON, LLP
3  15760 Ventura Blvd., 5th Floor
   Encino, CA 91436
4  Tel: (818) 783-5530
5  Fax: (818) 783-5507

6  Attorneys for Plaintiff, CURTIS CORUM

FILED-Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

NOV 30 2009

By _____ Dep. Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN BERNARDINO

10

11  CURTIS CORUM, an individual,                Case No:  CIV MS 900845

12                      Plaintiff,              PLAINTIFF CURTIS CORUM'S
                                                NOTICE OF MOTION AND MOTION
13       v.                                     FOR PRELIMINARY INJUNCTION;
                                                MEMORANDUM OF POINTS AND
14  PFF BANCORP, INC., a/k/a PFF BANK &         AUTHORITIES; DECLARATION OF
15  TRUST, a Delaware corporation doing business TERESA M. WAINMAN, ESQ.;
    in California; U.S. BANK, N.A., a Minnesota DECLARATION OF CURTIS CORUM
16  corporation doing business in California; FCI
17  LENDER SERVICES, INC., a California;        Date:  December 23, 2009
    TRAVIATA LENDING, a Business Entity, form   Time:  8:30 a.m.
18  unknown; SOUTHLAND TITLE, a Business        Dept.:  M4
    Entity, form unknown; MORTGAGE
19  ELECTRONIC REGISTRATION SYSTEMS,            [Complaint filed:  11/04/09]
20  INC., a Business Entity, form unknown; and
    DOES 1-100 inclusive,
21
22                      Defendants.
23

24  TO THE COURT, ALL PARTIES AND THEIR RESPECT COUNSEL OF RECORD:

25       PLEASE TAKE NOTICE that on December 23, 2009, at 8:30 a.m. in Department M4 of

26  the above-entitled Court located at 6527 White Feather Road, Joshua Tree, California, 92252,

27  Plaintiff CURTIS CORUM ("Plaintiff") by an through his attorneys of record, Michelman &

28
                                               1
PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

1  Robinson, LLP will move this Court for a Preliminary Injunction for good cause against Defendants

2  PFF BANCORP, INC. a/k/a PFF BANK & TRUST ("PFF"), US BANK, N.A. ("USB"), FCI

3  LENDER SERVICES, INC. ("FCI"), TRAVIATA LENDING ("TRAVIATA"), SOUTHLAND

4  TITLE ("SOUTHLAND TITLE"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

5  INC. ("MERS") and FIRST AMERICAN TITLE COMPANY (DOE 1) ("FATC") and DOES 1-100

6  (alternatively referenced herein collectively as "Defendants") and their agents, servants, trustees and

7  employees, from from proceeding with Trustees Sales scheduled for the purpose of selling Plaintiff's

8  real property located at 53910-53928 Ridge Road, Yucca Valley, California 92284 ("Property") or

9  from taking any action against Plaintiff's rightful ownership interest in the Property during the

10  pendency of the action on the First Amended Complaint ("FAC") filed in this Court, seeking to quiet

   title, seeking injunctive relief and other equitable remedies.

11        This Notice is made for good cause on the ground that Plaintiff will suffer great and

12  irreparable injury if the status quo is not preserved until this matter can be adjudicated in this Court

13  in that the Property is scheduled to be sold at Trustees Sales.

14        This motion is based on *California Code of Civil Procedure* §526(2) and on the grounds that

15  none of the Defendants named herein are in rightful, legal possession of title to the Property

16  therefore, lack standing to sell the Property.

17        This Notice is further based on the First Amended Complaint on file, the Declarations of

18  Teresa M. Wainman and Curtis Corum, the Memorandum of Points and Authorities, the files and

19  documents contained in the Court's file and on such other arguments and evidence as may be

20  presented by counsel at the hearing.

21

22  Dated: November 25, 2009                MICHELMAN & ROBINSON, LLP

23

24                                          By: _____

25                                          Dina M. Alleguez, Esq.
                                            Teresa M. Wainman, Esq.
26                                          Attorneys for Plaintiff CURTIS CORUM

27

28
                                            2
PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

**Exhibit A**
p. 53

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff brings the within action against Defendants, and their agents, officers, employees and affiliated or associated parties, for their and their predecessors' actions in engaging in a pattern of unlawful, fraudulent, or unfair predatory real estate practices causing Plaintiff to become a victim of such behavior and to be in jeopardy of losing his home through foreclosure.

Defendants and/or their predecessors' unlawful, fraudulent, or unfair "predatory" lending practices directed against Los Angeles, San Bernardino and Riverside County home purchasers and homeowners involved one, or more, of the following elements:

    a.    Making loans predominately based on the foreclosure or liquidation value of a borrower's collateral rather than on the borrower's ability to repay the mortgage according to its terms;

    b.    Inducing the borrower to repeatedly refinance a loan in order to charge high points and fees each time the loan is refinanced ("loan flipping"); or

    b.    Engaging in fraud or deception to conceal the real nature of the mortgage loan obligation.

Defendants and/or their predecessors' goal in practicing these unlawful, fraudulent, or unfair "predatory" lending practices was to increase their share of the national mortgage market by mass producing loans for sale on the secondary market. In this scheme, borrowers, like Plaintiff, were nothing more than the means for producing more loans. Loans were originated with little or no regard for the borrowers' financial ability to afford the loans to sustain home ownership.

Defendants and/or their predecessors were also motivated to engage in unlawful, fraudulent or unfair lending practices for personal and financial benefit.

This action is brought to enjoin Defendants from advancing foreclosure on Plaintiff's Property that he now occupies.

To foreclose in California, a party must have the right to enforce the instrument creating the debt, or the promissory note. Defendants PFF, USB, FCI, AMERICAN TITLE COMPANY (DOE 1)

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

Exhibit A
p. 54

and MERS do not have that right and thus cannot proceed with the Trustees Sales for the Property. If the Court permits said Defendants to proceed with the sale, it will cause irreparable damage to Plaintiff.

On November 25, 2009 this Honorable Court granted Plaintiff's *Ex Parte* Application for a Temporary Restraining Order blocking the sale of Plaintiff's Property until after the hearing on the within motion.

This Court must enjoin the sale of the Property because Defendants PFF, USB, FCI, AMERICAN TITLE COMPANY (DOE 1) and MERS do not have standing to initiate or proceed with sale of the Property, and even assuming, *arguendo*, that they do, they have failed to comply with *California Civil Code* §§1632, 1918-1921, 1916.7(b)(2), 1916.7(a)(8) and 2932.5.

## II.   STATEMENT OF THE FACTS

Plaintiff entered into two (2) variable loan repayment and security agreements on or about, March, 2006 with Defendant PFF which required Plaintiff to repay loans of $750,000.00 on a first mortgage loan and $130,000.00 on a second stand-alone mortgage loan to PFF (collectively, "LOAN"). Five (5) months later PFF approved Plaintiff for a $250,000.00 home equity line of credit. With that equity line Plaintiff paid off his second mortgage with PFF for $130,000.00 and retained the remaining $120,000.00 for his own purposes. (See Declaration of Plaintiff Curtis Corum, filed and served concurrently herewith, ¶3) However, PFF misled Plaintiff when it qualified him for the LOAN by deceiving him into believing that he was building equity and paying down the LOAN when, in reality, he was paying interest only. In fact, Plaintiff actually only qualified for the initial "teaser" interest rate but would never have qualified for the increasing variable interest rates associated with the LOAN. (See Corum Declaration, ¶4)

The LOAN issued by PFF to Plaintiff was inappropriate because it was materially more expensive in terms of fees, charges and/or interest rates than alternative financing, for which Plaintiff could have qualified. Plaintiff was actually loaned money that no one could realistically believe he could ever afford to service in terms of payments if PFF had carefully reviewed Plaintiff's LOAN applications because his applications showed his gross monthly income was $23,782.00, but his monthly loan payments to PFF at the outset were $9,507.90, which, along with monthly payments of

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

Exhibit A
p. 55

1  $2,760.00 for other outstanding debt, left him with an unhealthy debt to income ration of 42/52. (See

2  Corum Declaration, ¶4)

3      In November 2008 Plaintiff was having difficulty making his LOAN payments and stopped

4  making them. (See Corum Declaration, ¶5) At that time he began working with a loan modification

5  company that began negotiating with PFF on Plaintiff's behalf. However, his application was denied

6  because of too little income and too much debt. (See Corum Declaration, ¶5) It was at about the

7  same time that PFF went bankrupt and USB took over Plaintiff's LOAN. When Plaintiff spoke with

8  USB's underwriter he was advised that foreclosing was a better option for the bank than loan

9  modifications. (See Corum Declaration, ¶5)

10      Plaintiff has now been served with Notices of Trustee Sales by Defendants PFF, USB, FCI

11  and/or FIRST AMERICAN TITLE COMPANY (DOE 1). (See Corum Declaration, ¶6, and

12  Wainman Declaration, ¶3, Exhibits A and B) The sales are scheduled to go forward on December 1

13  and 9, 2009. (See Corum Declaration, ¶6)[1]

14      PFF sold, transferred, assigned or otherwise conveyed its rights in the Property to FCI, MERS

15  and/or FIRST AMERICAN TITLE COMPANY (DOE 1) and/or sold, transferred, assigned or

16  otherwise conveyed its alleged servicing rights in the Property to USB. USB is the successor trustee

17  of Plaintiff's LOAN.

18      Before receiving Notice of Trustee Sales Plaintiff never received any communication

19  whatsoever, in writing or otherwise, that Defendants PFF, FCI or FIRST AMERICAN TITLE

20  INSURANCE COMPANY, or anyone else, had assigned title to the Property to UCB. (See Corum

21  Declaration, ¶7)

22      It is Plaintiff's contention that there has never been legal transfer/assignment/recording of the

23  title to the Property therefore, no Defendant named herein has ever possessed, or does now possess

24  legal or equitable right, title, estate, lien or interest in the Property imposing standing to sell or

25  foreclose on the Property and/or to evict Plaintiff.

---

[1] Counsel for Defendants PFF, USB, FCI has advised that the December 1, 2009 Trustee Sale will not
be cancelled absent issuance of a TRO by this Court.

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078                                                                          Exhibit A
                                                                                 p. 56

## III.   AN INJUNCTION IS APPROPRIATE IN THIS CASE

*California Code of Civil Procedure* § 526(2) authorizes an injunction "when it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or irreparable injury, to a party in the action." *California Code of Civil Procedure* § 527(a) provides:

> A preliminary injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient grounds exist therefore. No preliminary injunction shall be granted without notice to the opposing party.

The test most commonly applied by courts in determining whether to issue a preliminary injunction is as follows:

> a)      The likelihood that the Plaintiff will succeed on the merits of trial; and
>
> b)      The interim harm that the Plaintiff is likely to sustain if the injunction were denied as compared to the harm that the Defendant is likely to suffer if the preliminary injunction were issued." (Cohen v. Board of Supervisors (1985) 40 Cal. 3d 277, 286.)

The analysis of this situation, which is set forth below, makes it clear that an injunction should be granted in this case.

## IV.   DEFENDANTS PFF, USB, FCI, MERS AND FIRST AMERICAN TITLE COMPANY DO NOT HAVE STANDING TO SELL PLAINTIFF'S PROPERTY

There was never a legal assignment of a deed of trust for the Property to Defendants PFF, USB, FCI AND FIRST AMERICAN TITLE COMPANY that was recorded with the Los Angeles County Recorder's Office, yet these Defendants have served Plaintiff with Notice of Trustee Sales that are scheduled for December 1 and 9, 2009. Had this involved a judicial foreclosure, Plaintiff would have immediately brought a demurrer. *California Code of Civil Procedure* §367 provides that:

> "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in statute."

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

**Exhibit A**
**p. 57**

Assuming Defendants PFF, USB, FCI and/or FIRST AMERICAN TITLE COMPANY somehow claim they were assigned the note and deed of trust to the Property, then:

"The burden of proving an assignment falls upon the party asserting rights there under. In an action by an assignee to enforce an assigned right, the evidence must not only be sufficient to establish the fact of assignment when that fact is in issue, but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary oblige."

*Cockerell v. Title Insurance & Trust Co.* (1954) 42 Cal.2d 284, 292.

Because assignment is contested in this case, in a judicial foreclosure Defendants PFF, USB, FCI, MERS and/or FIRST AMERICAN TITLE COMPANY would need to meet the requirements of CACI jury instruction No. 326, Assignment Contested, which states as follows:

"Plaintiff was not a party to the original contract. However, Plaintiff may bring a claim for breach of the contract if it proves that [assignor] transferred its rights under the contract to Plaintiff. This transfer is referred to as an assignment.

Plaintiff must prove that [assignor] intended to transfer its contract rights to Plaintiff. In deciding [assignor]'s intent you should consider the entire transaction and the conduct of the parties to the assignment."

Accordingly, Defendants PFF, USB, FCI, MERS and/or FIRST AMERICAN TITLE COMPANY do not have standing to sell Plaintiff's Property. Therefore, the requested Preliminary Injunction should issue enjoining any Trustee Sales of the Property until such time as there has been a judicial determination in the within action as to what individual or entity is the owner in due course of, and hold legal title to, the Property.

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

**Exhibit A**
**p. 58**

## V.   **PLAINTIFF IS LIKELY TO PREVAIL ON THIS MATTER**

Plaintiff is the only equitable owner and sole title holder of the Property. At all times relevant herein the Deed of Trust for the Property was allegedly held by Defendant PFF as, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated March 10, 2006, executed by Plaintiff, for the alleged beneficiary Defendant PFF. Subsequently, PFF went bankrupt and USB took over Plaintiff's LOAN.

Plaintiff is informed and believes that Defendants including, but not limited to, PFF, USB, FCI and/or FIRST AMERICAN TITLE COMPANY, TRAVIATA, SOUTHLAND TITLE and MERS, and other unknown entities, subsequent or contemporaneously with the closing of Plaintiff's LOAN, sold and assigned the original promissory notes to an undisclosed third party, very likely to a pool of securitized promissory notes, who are now the real party(ies) in interest who have the right to money allegedly due on the note, if the note were indeed properly endorsed to them, or endorsed in blank, and they are the holder in due course of the note, and were so at the time the foreclosure proceedings were initiated. Plaintiff is informed and believes that the loan, note and deed was pre-sold to Defendants PFF, USB, FCI and/or FIRST AMERICAN TITLE COMPANY, TRAVIATA, SOUTHLAND TITLE and MERS, and other unknown entities, subsequent or contemporaneously with the closing of Plaintiff's LOAN in 2006. Plaintiff is informed and believes that the LOAN, note and deed were sold multiple times over to different entities.

On information and belief, PFF, UCB, FCI, FIRST AMERICAN TITLE COMPANY and/or MERS were not the holders in due course of Plaintiff's original promissory note, and therefore lack any standing, right, or ownership in Plaintiff's original promissory note, and therefore do not have the right to sell the Property at Trustee's Sales on December 1 or 9, 2009. See *In re: Kang Jin Hwang, Debtor*, Case No: LA08-15337SB, Chapter 7, United States Bankruptcy Court for the Central District of California, September 29, 2008, decided, September 29, 2008, filed, entered.

On information and belief, the true holder in due course of Plaintiff's original promissory note are investors in a pool of securitized notes sold on Wall Street, many times over. On information and belief, the true trustee who should have held Plaintiff's Deed of Trust is the trustee for the pool of securities, and not the title companies, Defendants PFF, USB, FCI, MERS and/or

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

Exhibit A
p. 59

1 FIRST AMERICAN TITLE COMPANY, who intend to act as trustees without any authority from
2 the holder in due course of the original promissory note. On information and belief, if Defendants
3 PFF, USB, FCI, MERS and/or FIRST AMERICAN TITLE COMPANY were able to produce
4 Plaintiff's original promissory notes in this action, the notes would indicate that they had been
5 endorsed in blank, which would indicate it is "payable to bearer," or it would be endorsed to a party
6 other than Defendants PFF, USB, FCI, MERS and/or FIRST AMERICAN TITLE COMPANY, who
7 Plaintiff is informed and believes are merely loan servicing agents. Such endorsement also would
8 indicate that Defendants PFF, USB, FCI, MERS and/or FIRST AMERICAN TITLE COMPANY are
9 not the holders in due course of the note, and therefore had no standing to sell the Property.

The Court abhors a windfall or forfeiture. If Defendants PFF, USB, FCI, MERS and/or
10 FIRST AMERICAN TITLE COMPANY are not the holders in due course of the note, they have no
11 standing to enforce the note, and by the same token, are not entitled to order a trustee sale of
12 Plaintiff's Property.

13 To protect Plaintiff from inequity, the law of negotiable instruments in California is governed
14 by the UCC Article 3, which has been adopted by all 50 States.

15 UCC § 3-301. Person Entitled to Enforce Instrument.

16 "(A) "Person entitled to enforce" an instrument means any of the following persons:

18 (1) The holder of the instrument;

19 (2) A non-holder in possession of the instrument who has the rights of a holder;

20 (3) A person not in possession of the instrument who is entitled to enforce the
21 instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the
Revised Code.

23 To recover on a promissory note, the Lender must prove:

24 (1) The existence of the note in question;

25 (2) That the party sued signed the note;

26 (3) That the Lender is the owner and holder of the note in due course; and

9

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

Exhibit A
p. 60

1    (4) That a certain balance is due and owing on the note."

2        Therefore, until Defendants can prove these four points, and until they can prove compliance

3    with all statutory requirements for notice and offering loan modification, Defendants PFF, USB, FCI,

4    MERS and/or FIRST AMERICAN TITLE COMPANY JEM should be enjoined from selling the

5    Property.

6        Furthermore, Defendants have not complied with *California Civil Code* §§ 2923.5, 2923.6(a)

7    and 2924, and therefore, are wrongfully attempting to sell the Property.

8        *California Civil Code* § 2923.5 states that a mortgagee, trustee, beneficiary or authorized

9    agent may not file a notice of default pursuant to Section 2924 until 30 days after contact is made

10   with the borrower in person or by telephone in order to assess the borrower's financial situation and

11   explore options for the borrower to avoid foreclosure. No such contact with Plaintiff was ever made

12   by any Defendant named herein, or by anyone else prior to the filing of the notice of default despite

13   the fact that the notices of default attached hereto as Exhibits A&B to Wainman Declaration include

14   declarations that contact was made or that they tried with due diligence to contact the borrower.

15   Had that contact been made, the code section further required the mortgagee, trustee, beneficiary or

16   authorized agent to advise the borrower that he had the right to request a subsequent meeting and, if

.16  requested, they were to schedule the meeting to occur within 14 days. Since no initial contact was

17   made, no such advisement was given to Plaintiff. In addition, since no meeting or contact was made

18   by anyone and since it is unknown if any of the Defendants is truly a mortgagee, trustee, beneficiary

19   or authorized agent, *California Civil Code* § 2923.5 was further violated in that the borrower was

20   never provided with the toll-free telephone number made available by the United States Department

21   of Housing and Urban Development ("HUD") to find a HUD-certified housing counseling agency.

22        *California Civil Code* § 2923.6 requires the mortgagee, beneficiary or authorized agent to

23   offer borrowers loan modification or workout plan that would exceed the anticipated recovery

24   through foreclosure on a net present value basis.    Plaintiff is informed and believes that the

25   Defendants are not mortgagees, beneficiaries or authorized agents and therefore cannot comply with

26   this statute. It is unknown to whom the original promissory note has been assigned and endorsed to.

27   It certainly was not any of the Defendants. Only the assignee and holder in due course of Plaintiff's

28

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF
POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

Exhibit A
p. 61

original promissory note would be able to comply with this statute. Unless Defendants can show that they complied with the statute and that they are the legal assignees and holders in due course of the note, the contemplated Trustee Sales of the Property cannot go forward.

If a preliminary injunction is not issued, Plaintiff will lose his home, which will cause him irreparable injury because the Property is unique.

There is no prejudice to Defendants because if they do have an enforceable security interest in the Property contrary to Plaintiff's interests, as they allege they do, they will have the opportunity to sell the Property after the trial.

If no holder in due course of Plaintiff's original promissory note can be located, or it is discovered that Plaintiff's original promissory note has been paid in full, Plaintiff will seek a declaratory judgment that the promissory note is void, and seek a quiet title judgment.

Plaintiff requests that this Court issue a preliminary injunction to prohibit Defendants from proceeding with Trustee Sales of the Property. Unless a preliminary injunction issues, manifest injustice will result because Plaintiff's Property will be sold pursuant to a fraudulently obtained Trustee's Deed.

## VI.  CONCLUSION

Defendants PFF, USB, FCI, MERS and/or FIRST AMERICAN TITLE COMPANY do not have any legal, enforceable rights to sell Plaintiff's Property because they cannot show any interest in title to the Property. Therefore, if the Trustee Sales proceed they will do so illegally under California law. Accordingly, the requested preliminary injunction should issue and remain in effect until such time as there has been a judicial determination of the legal owner of the Property.

Dated: November 25, 2009          **MICHELMAN & ROBINSON, LLP**

By: _Teresa M. Wainman_

Tina M. Alleguez, Esq.
Teresa M. Wainman, Esq.
Attorneys for Plaintiff CURTIS CORUM

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

· Exhibit A
p. 62

# DECLARATION OF TERESA M. WAINMAN

I, Teresa M. Wainman, declare as follows:

1.     I am an attorney at law duly admitted to practice before all of the courts of the State of California. I am of counsel with the law firm of Michelman & Robinson, LLP, the attorneys of record for Plaintiff CURTIS CORUM ("Plaintiff"). If called upon to testify, I could and would testify as to the foregoing facts of my own personal knowledge.

2.     Plaintiff filed a Complaint in this Court on or about August 12, 2009. On November 4, 2009 Michelman & Robinson, LLP, substituted in as attorneys of record for Plaintiff and filed a First Amended Complaint ("FAC") on behalf of Plaintiff. On or about November 20, 2009 Defendants PFF, USB and FCI were served by mail with the FAC through their attorney of record, Eric Alderete, Esq. On November 23, 2009 Plaintiff served Defendant MERS by facsimile through MERS' general counsel, Joe Patry, Esq. So far none of the named, served Defendants have appeared in this action.

3.     Attached hereto as Exhibit A is a true and correct copy of Notice of Default and Election to Sell Under Deed of Trust regarding Plaintiff's $250,000.00 home equity line of credit loan by PFF. Attached hereto as Exhibit B is a true and correct copy of Notice of Trustee's Sale regarding Plaintiff's first loan for $750,000.00 issued by PFF in conjunction with the Property.

4.     On November 25, 2009 this honorable court issued a Temporary Restraining Order blocking scheduled Trustee Sales of Plaintiff's Property until the hearing on the within motion.

5.     This Notice is being filed pending the outcome of Plaintiff's FAC.

6.     If the request injunctive relief is not granted, Plaintiff will suffer immediate and irreparable injury because his home will be sold at illegal Trustee Sales.

7..     Due process guarantees homeowners cannot be evicted without being permitted to raise affirmative defenses which if proved would maintain their possession and ownership. In cases where ownership of the subject property is in dispute neither lenders nor foreclosure sale buyers of the property in dispute may use certain existing procedural devices such as an unlawful detainer action to obtain possession of the premises until the separately filed action by the owner/tenant

12

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

**Exhibit A**
**p. 63**

regarding their asserted ownership interest is determined. In such cases a stay of the unlawful detainer proceedings until trial of the action to determine ownership rights should be granted.

8.     Because of its summary character, an unlawful detainer action is not a suitable vehicle to try complicated ownership issues involving allegations of ownership. *Asuncion v Superior Court*, 108 Cal. App. 3d 141, 146.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of November, 2009 in Encino, California.

Teresa M. Wainman, Declarant

PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM

#192078

Exhibit "A"

[RECORDING REQUESTED BY]
Law Offices of Les Zieve

[WHEN RECORDED MAIL TO:]
Law Offices of Les Zieve
18377 Beach Blvd., Suite 210
Huntington Beach, California 92648

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

T.S. No. 09-04834   Loan No. 302-246291710

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 9/21/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: CURTIS CORUM, A SINGLE MAN
Duly Appointed Trustee: LAW OFFICES OF LES ZIEVE  Deed of Trust recorded 9/27/2006 as Instrument No. 2006-0659356 in book ---, page --- of Official Records in the office of the Recorder of San Bernardino County, California,
Date of Sale:11/13/2009 at 10:00 AM
Place of Sale:          At the main entrance to the County Courthouse 351 North Arrowhead San Bernardino, CA
Amount of unpaid balance and other charges: $284,475.62
Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of       **53910, 53928 RIDGE ROAD**
real property:                                       **YUCCA VALLEY, CA 92284**
Described as follows:
  LOT(S) 65 AND 66 OF TRACT NO. 4762, AS PER MAP RECORDED IN BOOK 66, PAGE(S) 89 TO 92 INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

A.P.N #.: 0585-291-03-0-000 & 02-0-000
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown,



RECORDING REQUESTED BY:

First American Title Insurance Company

AND WHEN RECORDED MAIL TO:

Law Offices of Les Zieve
18377 Beach Blvd., Suite 210
Huntington Beach, California 92648

| Loan No.: 302-246291710 | TS No.: 09-04834 |
|---|---|

# SUBSTITUTION OF TRUSTEE

WHEREAS, CURTIS CORUM, A SINGLE MAN was the original Trustor, POMONA FINANCIAL SERVICES, INC. was the original Trustee, and PFF BANK & TRUST was the original Beneficiary under that certain Deed of Trust dated 9/21/2006 and recorded on 9/27/2006 as Instrument No. 2006-0659356, in book ---, page --- of Official Records of San Bernardino County, California; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes LAW OFFICES OF LES ZIEVE, 18377 Beach Blvd., Suite 210 Huntington, CA 92648 as Trustee under said Deed of Trust. Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated:
August 20, 2009

**PFF BANK & TRUST as merger in interest to US BANK NATIONAL ASSOCIATION, ND**

State of Minnesota
County of Hennepin

On August 20, 2009 before me, Loren P Madson, personally appeared, Joel Daniels who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Minnesota that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                                                    (seal)

_____
Signature

LOREN P. MADSON
Notary Public
Minnesota
My Commission Expires January 31, 2010

**Exhibit A
p. 67**

Exhibit "B"

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

FCI LENDER SERVICES, INC.
8180 EAST KAISER BLVD.
ANAHEIM HILLS, CA 92808

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY_____

Title Order No.:   5800820      Trustee Sale No.: 66078     Loan No.: 0070214189/001
APN: 0585-291-03-0-000 & 0585-291-02-0-000

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 03/06/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 12/09/2009 at 10:00AM, FCI LENDER SERVICES, INC. as the duly appointed Trustee under and pursuant to Deed of Trust RECORDED 3/10/2006 INSTRUMENT # 2006 - 0165923 of official records in the Office of the Recorder of San Bernardino County, California, executed by:

CURTIS CORUM A SINGLE MAN

, as Trustor

PFF BANK & TRUST

, as Beneficiary

WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: THE MAIN ENTRANCE TO THE COUNTY COURTHOUSE, 351 N. ARROWHEAD AVENUE, SAN BERNARDINO, CA,

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST.

1





66078         TS-NCS        TSG022        093528

**Exhibit A
p. 69**

Title Order No.
Trustee Sale No.     66078
Loan No.             0070214189/001

## SUBSTITUTION OF TRUSTEE -- continued

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number indicates the plural.

DATE: 08/14/2009

U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR POMONA FIRST FEDERAL

_JOHN AMADOR     SUP_

STATE OF         CALIFORNIA
COUNTY OF        _Orange_

On _August 18, 2009_ before me, _Cassandra B. Anderson_____, a Notary Public in and for said county, personally appeared _John Amador_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Cassandra B. Anderson_____
Notary Public

> CASSANDRA B. ANDERSON
> Commission # 1659773
> Notary Public — California
> Orange County
> My Comm. Expires Apr 21, 2010

**Exhibit A**
**p. 70**

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

FCI LENDER SERVICES, INC.
8180 EAST KAISER BLVD.
ANAHEIM HILLS, CA 92808

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

Title Order No.:  5800820    Trustee Sale No.: 66078    Loan No.: 0070214189/001
APN: 0585-291-03-0-000 & 0585-291-02-0-000

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 03/06/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 12/09/2009 at 10:00AM, FCI LENDER SERVICES, INC. as the duly appointed Trustee under and pursuant to Deed of Trust RECORDED 3/10/2006 INSTRUMENT # 2006 - 0165923 of official records in the Office of the Recorder of San Bernardino County, California, executed by:

CURTIS CORUM A SINGLE MAN

, as Trustor

PFF BANK & TRUST

, as Beneficiary

WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: THE MAIN ENTRANCE TO THE COUNTY COURTHOUSE, 351 N. ARROWHEAD AVENUE, SAN BERNARDINO, CA,

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST.

1




TS-NOS    TSC022    02G528

**Exhibit A**
**p. 71**

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

FCI LENDER SERVICES, INC.
8180 EAST KAISER BLVD.
ANAHEIM HILLS, CA 92808

---

Title Order No.:   5800820          Trustee Sale No.: 66078      Loan No.: 0070214189/001

APN: 0585-291-03-0-000 & 0585-291-02-0-000

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 03/06/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 12/09/2009 at 10:00AM, FCI LENDER SERVICES, INC. as the duly appointed Trustee under and pursuant to Deed of Trust RECORDED 3/10/2006 INSTRUMENT # 2006 - 0165923 of official records in the Office of the Recorder of San Bernardino County, California, executed by:

CURTIS CORUM A SINGLE MAN

, as Trustor

PFF BANK & TRUST

, as Beneficiary

WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: THE MAIN ENTRANCE TO THE COUNTY COURTHOUSE, 351 N. ARROWHEAD AVENUE, SAN BERNARDINO, CA,

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST.

1




Exhibit A
p. 72

Tina M. Alleguez, Esq. (SBN 136562)
Teresa M. Wainman, Esq. (SBN 143825)
MICHELMAN & ROBINSON, LLP
15760 Ventura Blvd., 5th Floor
Encino, CA 91436
Tel: (818) 783-5530
Fax: (818) 783-5507
Attorneys for Plaintiff, CURTIS CORUM

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF RIVERSIDE

CURTIS CORUM, an individual,

        Plaintiff,

v.

PFF BANCORP, INC., a/k/a PFF BANK &
TRUST, a Delaware corporation doing business
in California; U.S. BANK, N.A., a Minnesota
corporation doing business in California; FCI
LENDER SERVICES, INC., a California;
TRAVIATA LENDING, a Business Entity, form
unknown; SOUTHLAND TITLE, a Business
Entity, form unknown; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a Business Entity, form unknown; and
DOES 1-100 inclusive,

        Defendants.

Case No: CIV MS 900845

DECLARATION OF PLAINTIFF CURTIS
CORUM

I, CURTIS CORUM, do state and declare as follows:

    1.    I am over eighteen years of age and am a resident of Yucca Valley, San Bernardino

County, State of California. I am the current owner of and hold legal title to, the real property

located at 53910-53928 Ridge Road, Yucca Valley, California 92284 ("Subject Property"). The

190636

#191710

1  matters set forth below in this declaration are based upon my personal knowledge and if called upon

2  to testify thereto I could, and would, competently do so;

3      2.    I have sued PFF BANCORP, INC., a/k/a PFF BANK & TRUST ("PFF"), US BANK,

4

5  N.A. ("USB"), FCI LENDER SERVICES, INC ("FCI")., TRAVIATA LENDING ("TRAVIATA"),

6  SOUTHLAND TITLE ("ST"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

7  (MERS) and FIRST AMERICAN TITLE COMPANY (Doe Defendant No. 1) ("Defendants") for

8  multiple reasons and I make this declaration to attest to the lawsuit and in support of the preliminary

9  injunction motion filed by my attorneys, Michelman & Robinson, LLP, that as I understand, is to

10 prevent PFF, USB, FCI and DOE 1, FIRST AMERICAN TITLE COMPANY, from selling the

11 Subject Property at Trustee Sales set for December 1 and 9, 2009;

12

13     3.    In March 2006 I entered into two (2) separate variable loan agreements with PFF to

14 purchase the Subject Property, one for $750,000.00 and a second for $130,000.00. Five (5) months

15 later I was approved by PFF for a home equity line of credit for $250,000.00. With that loan I paid

16 off the second mortgage with PFF for $130,000.00 and retained the remaining $120,000.00 in cash

17 for my own purposes;

18

19     4.    PFF misled me when it qualified me for the first two (2) loans, referenced above in

20 paragraph 3 in that it deceived me into believing I was building equity and paying down my loans

21 when, in reality, I was paying interest only. Further, in fact I only qualified for the initial "teaser"

22 interest rate, but would never have qualified for the increasing variable interest rates associated with

23 my loans. Essentially, the loans issued to me by PFF were inappropriate because they were materially

24 more expensive in terms of fees, charges and/or interest rates than alternative financing, which I

25

26 could have qualified for. In other words, I was loaned money that no one could realistically believe I

27 could ever afford to service in terms of payments had my loan applications been carefully reviewed

28

190636

#191710

by PFF. In my applications I indicated my gross monthly income was $23,782.00. My monthly loan payments to PFF at the outset were $9,507.90, which, along with monthly payments of $2,760.00 for other outstanding debt, left me with an unhealthy debt to income ratio of 42/52;

5.   In November 2008 I began having difficulty making my loan payments and stopped making payments. At that time I began working with a loan modification company that began negotiating with PFF on my behalf. My application for a loan modification was denied because I had too little income and too much debt. It was about that time that I was advised that PFF went bankrupt and USB took over my loans. I personally spoke with USB's underwriter and was told that foreclosing was a better option for the bank than loan modification;

6.   I am in receipt of a Notice of Trustee's Sale of the Subject Property on December 1, 2009 regarding my first loan for $750,000.00 and a Notice of Trustee's Sale of the Subject Property on December 9, 2009 regarding my subsequent loan for $250,000.00. Notice of the sales has been given by FCI, USB, PFF and Doe 1, First American Title Insurance Company. True and correct copies of those notices are attached hereto as Exhibits 1 and 2. Based on information and belief I am advised that the December 9, 2009 sale will proceed unless the Temporary Restraining Order requested in the within motion is granted;

7.   I have never had any communication whatsoever with FCI or First American Title Insurance Company. Since those entities at no time have ever had anything to do with the loans I received from PFF to purchase the Subject Property, I doubted they had any legal right to sell the Subject Property therefore, I filed the within lawsuit;

8.   Prior to receipt of the above referenced notices of trustees sales, I had never received anything in writing from PFF or USB indicating that my loans had been sold or assigned to any entity whatsoever. During the thirty (30) days prior to receiving those notices, neither PFF nor USB

190636

#191710

Exhibit A
p. 75

1   got in touch with me. During those thirty (30) days prior to my receipt of the notices of trustees sales,

2   neither PFF nor USB ever contacted me to try to prevent the sale and to try to see if I could remain

3   living at the Subject Property. I understand that PFF or USB and the other Defendants should have

4   given me a telephone number for HUD so that I could have called that agency to seek assistance.

5

6   None of the Defendants gave me information in that regard;

7       9.      If this Court does not prevent the actions of Defendants, ie., selling the Subject

8   Property, before a jury can determine in this lawsuit who holds legal title, I will unfairly lose my

9   home.

10      I declare under penalty of perjury under the laws of the State of California, that the above is

11  true and correct.

12

13      Executed November 23, 2009, at Yucca Valley, California.

14

15                                              Curtis Corum, Declarant

16

17

18

19

20

21

22

23

24

25

26

27

28

190636

#191710

**Exhibit A**
p. 76

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15760 Ventura Boulevard, 5th Floor, Encino, CA 91436.

On **November 27, 2009**, I served the foregoing document described as follows: **PLAINTIFF CURTIS CORUM'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERESA M. WAINMAN, ESQ.; DECLARATION OF CURTIS CORUM**, on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes to the following addressee:

**SEE ATTACHED SERVICE LIST**

[X]     **BY MAIL:** I caused such envelope to be deposited in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the law firm's practice of collection and processing correspondence for mailing. Under the practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter is more than one day after the date of deposit for mailing the affidavit.

[ ]     **VIA FACSIMILE:** I caused such documents to be transmitted from facsimile number (818) 783-5507 to the facsimile machine(s) of interested parties on the date specified above. The facsimile machine I used was in compliance with Rule 2003(3) and the transmission was reported as complete without error. Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on **November 27, 2009**, Encino, California.

_____
AMY STARK

Exhibit A
p. 78

1

## SERVICE LIST

2 Eric Alderete, Esq.
3 c/o US Bank, N.A.
3121 Michelson Drive, 5th Floor,
4 Irvine, CA 92612
**ATTORNEY FOR PFF BANCORP, INC., U.S. BANK, N.A. and FCI LENDER SERVICES, INC.**
5

6 James Knoles, Esq.
Law Offices of Lez Zieve
7 18377 Ocean Blvd., Suite 210
Huntington Beach, CA 92648
8 **ATTORNEY FOR PFF BANCORP, INC., U.S. BANK, N.A. and FCI LENDER SERVICES, INC.**

9 Mortgage Electronic Registration Systems, Inc.
c/o Joe Patry, Esq.
10 1818 Library St., Ste 300
Reston, VA 20190
11

12 Traviata, Inc.
c/o Michael Cone
13 100 W. Main Street, Suite 1
Tustin, CA 92780
14

15 Southland Title Corporation
c/o Capitol Corporate Services, Inc.
16 455 Capitol Mall, Suite 217
Sacramento, CA 95814
17

18 First American Title Insurance Company
c/o Timothy P. Sullivan
19 1 First American Way
Santa Ana, CA 92707
20

21

22

23

24

25

26

27

28

1  Tina M. Alleguez, Esq. (SBN 136562)
   Teresa M. Wainman, Esq. (SBN 143825)
2  MICHELMAN & ROBINSON, LLP
   15760 Ventura Blvd., 5th Floor
3  Encino, CA 91436
4  Tel: (818) 783-5530
   Fax: (818) 783-5507
5
6  Attorneys for Plaintiff, CURTIS CORUM
7

RECEIVED
DEC – 4 2009
RPM COMPLIANCE

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN BERNARDINO

10

11  CURTIS CORUM, an individual,            )   Case No:  CIV MS 900845
                                            )
12                  Plaintiff,              )   FILING OF PROOF OF SERVICE AND
                                            )   DECLARATION OF MAILING OF
13       v.                                 )   SUMMONS ON FIRST AMENDED
                                            )   COMPLAINT; FIRST AMENDED
14  PFF BANCORP, INC., a/k/a PFF BANK &     )   COMPLAINT; NOTICE OF PENDING
15  TRUST, a Delaware corporation doing business )   ACTION (LIS PENDENS); AND
    in California; U.S. BANK, N.A., a Minnesota )   SUBSTITUTION OF ATTORNEY ON
16  corporation doing business in California; FCI )   DEFENDANT FCI LENDER
    LENDER SERVICES, INC., a California;    )   SERVICES, INC., A CALIFORNIA
17  TRAVIATA LENDING, a Business Entity, form )   CORPORATION
18  unknown; SOUTHLAND TITLE, a Business    )
    Entity, form unknown; MORTGAGE         )
19  ELECTRONIC REGISTRATION SYSTEMS,        )
20  INC., a Business Entity, form unknown; and )
    DOES 1-100 inclusive,                   )
21                                          )
22                  Defendants.             )
                                            )
23                                          )
                                            )
24

25  ///
26  ///
27  ///
28  ///

                                        1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| **Michelman & Robinson, LLP**<br>15760 Ventura Blvd<br>Encino, CA 91436<br>TELEPHONE NO.: 818 783-5530   FAX NO. *(Optional)*: 818 783-5507<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  CORUM | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO |
|---|
| STREET ADDRESS: 6527 White Feather Road |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Joshua Tree 92252 |
| BRANCH NAME: Joshua Tree Courthouse |

| PLAINTIFF/PETITIONER:  CORUM | CASE NUMBER:<br>**CIVMS900845** |
|---|---|
| DEFENDANT/RESPONDENT:  PFF BANCORP | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**04932.0006** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   Summons on First Amended Complaint; First Amended Complaint; Notice of Pending Action (lis Pendens); Substitution of Attorney

3. a.  Party served *(specify name of party as shown on documents served):*
   FCI LENDER SERVICES, INC., A CALIFORNIA CORPORATION

   b. [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   MICHAEL W. GRIFFITH, Registered Agent

4. Address where the party was served:
   8180 E KAISER Boulevard, ANAHEIM, CA 92808

5. I served the party *(check proper box)*
   a. [   ] **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):*   (2) at *(time):*

   b. [ X ] **by substituted service.**  On *(date):* 11/19/2009  (2) at *(time):* 3:25 PM   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   CAROL LONG, PERSON IN CHARGE, A white female approx. 55-65 years of age 5'4''-5'6'' in height weighing 180-200 lbs with gray hair

   (1) [ X ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [   ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*       from *(city):*      or [ X ] a declaration of mailing is attached.

   (5) [   ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

Order No. 6124902 LAX

| PLAINTIFF/PETITIONER: CORUM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PFF BANCORP | CIVMS900845 |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*        (2) from *(city):*

(3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)

(4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

[  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [  ] as an individual defendant.

b. [  ] as the person sued under the fictitious name of *(specify):*

c. [  ] as occupant

d. [X] On behalf of *(specify):* FCI LENDER SERVICES, INC., A CALIFORNIA CORPORATION

under the following Code of Civil Procedure section:

[X] 416.10 (corporation)          [  ] 415.95 (business organization, form unknown)
[  ] 416.20 (defunct corporation)       [  ] 416.60 (minor)
[  ] 416.30 (joint stock company/association)   [  ] 416.70 (ward or conservatee)
[  ] 416.40 (association or partnership)    [  ] 416.90 (authorized person)
[  ] 416.50 (public entity)          [  ] 415.46 (occupant)
                     [  ] other

7. **Person who served papers**

a. Name:            Zeanna Lowden
b. Address:          555 N Parkcenter #200, Santa Ana, CA 92705
c. Telephone number:     714-541-4133
d. The fee for service was:   $59.50
e. I am:

(1) [  ] not a registered California process server.

(2) [  ] exempt from registration under Business and Professions Code section 22350(b).

(3) [X] registered California process server:

(i) [  ] owner  [  ] employee  [X] independent contractor

(ii) [X] Registration No.:  2086

(iii) [X] County:       Orange

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  11/20/2009

_____
Zeanna Lowden
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*Zeanna Lowden*
(SIGNATURE)



POS-010 [Rev. January 1, 2007]            **PROOF OF SERVICE OF SUMMONS**            Order No. 6124902 LAX

**Exhibit A**
**p. 81**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | FOR COURT USE ONLY |
|---|---|---|
| Michelman & Robinson, LLP<br>15760 Ventura Blvd<br>Encino, CA 91436 | | |

TELEPHONE NO.: **818 783-5530**    FAX NO. *(Optional)*: **818 783-5507**

EMAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: **CORUM**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

STREET ADDRESS: **6527 White Feather Road**

MAILING ADDRESS:

CITY AND ZIP CODE: **Joshua Tree 92252**

BRANCH NAME: **Joshua Tree Courthouse**

| PLAINTIFF/PETITIONER: **CORUM** | CASE NUMBER:<br>**CIVMS900845** |
|---|---|
| DEFENDANT/RESPONDENT: **PFF BANCORP** | |
| **DECLARATION OF MAILING** | Ref. No. or File No.:<br>**04932.0006** |

The undersigned hereby declares: that I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

My business address is 501 12th St. Sacramento, CA 95814.

That on **November 20th, 2009**, after substituted service was made, I mailed the following documents: Summons on First Amended Complaint; First Amended Complaint; Notice of Pending Action (lis Pendens); Substitution of Attorney to the servee in this action by placing a true copy thereof enclosed in a sealed envelope with postage prepaid for first class mail and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Sacramento, CA.

That I addressed the envelope as follows:

FCI LENDER SERVICES, INC., A CALIFORNIA CORPORATION
8180 E KAISER Boulevard
ANAHEIM, CA 92808

That I declare under penalty of perjury of the state of California that the foregoing is true and correct.

That I executed this declaration on **November 20th, 2009** at Sacramento, CA.



Declarant    Russell Duane

Order No. 6124902 LAX



**PROOF OF SERVICE**
*Curtis Corum v. PFF Bancorp, Inc., et al.*
SBSC Case No. CIVMS900845

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15760 Ventura Boulevard, 5th Floor, Encino, CA 91436.

On **December 3, 2009**, I served the foregoing documents described as follows:

1.     Filing Of Proof Of Service Of Summons On First Amended Complaint; First Amended Complaint; Notice Of Pending Action (Lis Pendens) And Substitution Of Attorney On Defendant Southland Title A Business Entity, Form Unknown

2.     Filing Of Proof Of Service And Declaration Of Mailing Of Summons On First Amended Complaint; First Amended Complaint; Notice Of Pending Action (Lis Pendens); And Substitution Of Attorney On Defendant Fci Lender Services, Inc., A California Corporation

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes to the following addressee:

### SEE ATTACHED SERVICE LIST

**[X]     BY MAIL:** I caused such envelope to be deposited in the mail at Encino, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the law firm's practice of collection and processing correspondence for mailing. Under the practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter is more than one day after the date of deposit for mailing the affidavit.

Executed on **December 3, 2009**, Encino, California.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

*Susan Peterson*
SUSAN PETERSON

1

<u>SERVICE LIST</u>

2

Eric Alderete, Esq.

3

c/o US Bank, N.A.

3121 Michelson Drive, 5th Floor,

4

Irvine, CA 92612

**ATTORNEY FOR PFF BANCORP, INC., U.S. BANK, N.A. and FCI LENDER SERVICES, INC.**

5

6

James Knoles, Esq.

Law Offices of Lez Zieve

7

18377 Ocean Blvd., Suite 210

Huntington Beach, CA 92648

8

**ATTORNEY FOR PFF BANCORP, INC., U.S. BANK, N.A. and FCI LENDER SERVICES, INC.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

RECEIVED

OCT 27 2009 8

RPM COMPLIANCE



Q070214189

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

PFF BANCORP, INC, a/k/a PFF BANK & TRUST, a Delaware corporation doing business in California; Attachment for Add'l Parties

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CURTIS CORUM, an individual

*Response Due* (handwritten)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED-Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

OCT 19 2009

ROBIN RYAN

By_____ Dep. Clerk

*FCI personally served 10/26/09 PHD* (handwritten margin note)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): CIVMS 900845 |
|---|---|

6527 White Feather Dr
Joshua Tree CA 92252

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Curtis Corum, 53910 Ridge Road, Yucca Valley CA 92284 (760-363-1998)   In Pro Per

| DATE: OCT 19 2009 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

   *US Bank, N.A., A Minnesota corporation* (handwritten)
3. ☒ on behalf of (specify): *doing business in California* (handwritten)

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 1

*received 10/26/09  3:50* (handwritten)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Corum v. PFF Bancorp, Inc., et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

US BANK, N.A., a Minnesota corporation doing business in California; FCI LENDER SERVICES, INC., a California corporation; and DOES 1-100, inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit A**
**p. 86**



CURTIS CORUM
53910 Ridge Road
Yucca Valley CA 92284
760-363-1998

IN *PRO PER*

FILED-Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

OCT 1 9 200~

~~~ ~ ~~~~~~

By_____ Dep. Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

CURTIS CORUM, an individual,

  Plaintiff,

v.

PFF BANCORP, INC, a/k/a PFF BANK &
TRUST, a Delaware corporation doing business
in California; US BANK, N.A., a Minnesota
corporation doing business in California; FCI
LENDER SERVICES, INC., a California
corporation; and DOES 1-100 inclusive,

  Defendants.

Case No.: CIVBS  9 0 0 8 4 5   BY FAX

**ACTION TO QUIET TITLE AND FOR
INJUNCTIVE RELIEF**

Plaintiff, CURTIS CORUM (hereinafter "Plaintiff"), for his Complaint against Defendants, PFF BANCORP, INC. a/k/a PFF BANK & TRUST, US BANK, N.A., US BANK, N.A. and FCI LENDER SERVICES, INC.., (hereinafter "Defendants"), to Quiet Title and for Injunctive Relief with respect to a certain parcel of real property and in support thereof avers as follows:

  1.   Plaintiff is an individual residing in the City of Yucca Valley, County of San Bernardino, State of California.

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

Exhibit A
p. 87

2.     Lender, PFF BANCORP, INC. a/k/a PFF BANK & TRUST, is a Delaware corporation registered and qualified to do business in California.

3.     Beneficiary, US BANK, N.A., is a Minnesota corporation registered and qualified to do business in California.

4.     Trustee, FCI LENDER SERVICES, INC. is a California corporation with its principal place of business located at 8180 East Kaiser Blvd, Anaheim Hills CA 92808.

5.     The real property that is the subject of this litigation is Lot: 66 DIST: 16 CITY; Morongo Basin, Track No. 2762 and more commonly known as 53910 Ridge Road, Yucca Valley CA 92284. Assessor's Parcel Number is 0585-291-03.

6.     On or before March 6, 2008 Plaintiff executed and delivered to PFF BANCORP, INC. a/k/a PFF BANK & TRUST a Mortgage/Deed of Trust and Promissory Note under the terms of which Plaintiff promised to pay to PFF BANCORP, INC. a/k/a PFF BANK & TRUST and its successors or assigns, the principal sum of $750,000.00 plus interest. At some point after March 6, 2008, US BANK, N.A. became the beneficiary of said Promissory Note.

7.     Plaintiff received a Notice of Default and Election to Sell Under Deed of Trust dated August 14, 2008 from Trustee, FCI LENDER SERVICES, INC. A true and correct copy of the Notice is attached hereto as Exhibits A.

8.     Plaintiff is unaware as to whether or not Defendants PFF BANCORP, INC. a/k/a PFF BANK & TRUST, US BANK N.A. or FCI LENDER SERVICES, INC, who sent the Notice of Default and Election to Sell Under Deed of Trust, possess the original Promissory Note, which is the basis for the foreclosure.

**WHEREFORE**, Plaintiff asks for judgment against Defendants as follows:

a.     For a judgment ordering that the Defendants provide proof of authority to foreclose by producing the Promissory Note;

Exhibit A
p. 88

b.   That the Court intervene and prevent the foreclosure from taking place unless and until such proof is presented; and

c.   That the Court grant such other relief as is necessary and appropriate.

Dated: September 30, 2009

By: _Curtis Corum_
CURTIS CORUM
Plaintiff in *Pro Per*

ACTION TO QUIET TITLE AND FOR INJUNCTIVE RELIEF

Exhibit A
p. 89

# EXHIBIT A

RECORDING REQUESTED BY:

LAWYERS TITLE COMPANY

AND WHEN RECORDED MAIL TO:

FCI LENDER SERVICES, INC.
8180 EAST KAISER BOULEVARD
ANAHEIM HILLS, CA 92808

Recorded in Official Records, County of San Bernardino

**LARRY WALKER**
Auditor/Controller — Recorder

605 Lawyers Title Company

6/14/2009
1:00 PM
BH

Doc#: **2009--0359167**

| Titles: | 1 | Pages: | 2 |
|---|---|---|---|
| Fees | | | 15.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | $15.00 |

*Space above this line for recorder's use only*

| Title Order No. 5800820 | Trustee Sale No. 66078 | Loan No. 0070214189/001 |
|---|---|---|

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$78,175.98** as of **06/14/2009** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in this paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

1





**Exhibit A**
p. 91

Continued from page 1

Trustee Sale No. 66078

To find out the amount you must pay, in the form of Cash, in U.S. Dollars, Cashiers Check or Money Order and to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: **U.S. BANK NATIONAL ASSOCIATION CUSTOMER SERVICE DEPARTMENT 949 823-6695** c/o FCI LENDER SERVICES, INC., 8180 EAST KAISER BOULEVARD, ANAHEIM HILLS, CA 92808-2277.

If you have any questions, you should contact a lawyer or contact any governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN THAT:** FCI LENDER SERVICES, INC., is the duly appointed Trustee, or duly authorized agent for the Trustee, or duly designated Agent for the Beneficiary (or its assignee) under a Deed of Trust dated 03/06/2008, executed by CURTIS CORUM A SINGLE MAN, as trustor, to secure obligations in favor of PFF BANK & TRUST, as Beneficiary

RECORDED 3/10/2008 INSTRUMENT # 2008 - 0165923 of official records in the Office of the Recorder of San Bernardino County, California, as more fully described on the Deed of Trust, securing the note(s) for the sum of $750,000.00. The beneficial interest under the Deed of Trust and the obligations secured thereby is presently held by Beneficiary (or its assignee). A default in the obligations for which the Deed of Trust is security has occurred in that the payment has not been made of: THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE 10/01/2008 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH ALL LATE CHARGES, ADVANCES TO SENIOR LIENS, INTEREST, INSURANCE, TAXES AND ASSESSMENTS ADVANCED BY THE BENEFICIARY (OR ITS ASSIGNEES)

The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5.

Due to the default, Beneficiary (or its assignee) has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with the Trustee, the Deed of Trust and all documents evidencing the obligations secured thereby, and has declared all sums secured thereby immediately due and payable and has elected to cause the trust property to be sold to satisfy the obligations secured thereby.

DATE: 08/14/2009

For: THE BENEFICIARY
By: FCI LENDER SERVICES, INC., By Lawyers Title Company, as Agent for: FCI LENDER SERVICES, INC.

By: SPL INC., as Agent

**FCI LENDER SERVICES, INC., IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

2

# EXHIBIT B

RECORDING REQUESTED BY:

Farco

WHEN RECORDED MAIL TO:

**Law Offices of Les Zieve**
18377 Beach Blvd., Suite 210
Huntington Beach, California 92648



Recorded in Official Records, County of San Bernardino    7/22/2009
8:00 AM
**LARRY WALKER**    MP
Auditor/Controller -- Recorder

691 First American

Doc#:  **2009-0320068**

| | |
|---|---|
| Titles: 1 | Pages: 3 |
| Fees | 18.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| **PAID** | **$18.00** |

Loan No.: 302-246291710                               TS No.: 09-04834

4207451

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is  **$15,666.46**  as of  **7/21/2009** , and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the Note and Deed of Trust or mortgage, the Beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the Beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the Beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your Beneficiary or mortgagee may mutually agree in writing prior to the time the Notice of Sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) Provide additional time in which to cure the default by transfer of the property or otherwise; or (2) Establish a schedule of payments in order to cure your default; or, both (1) and (2).

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**US BANK NATIONAL ASSOCIATION, ND**
**C/O Law Offices of Les Zieve**
**18377 Beach Blvd., Suite 210**
**Huntington Beach, California 92648**
**Beneficiary Phone: 714-848-7920**

Loan No.: **302-246291710**                    TS No. 09-04834

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

NOTICE IS HEREBY GIVEN: That **LAW OFFICES OF LES ZIEVE** is either the original Trustee, the duly appointed substituted Trustee, or acting as agent for the Trustee or Beneficiary under a Deed of Trust dated **9/21/2006**, executed by **CURTIS CORUM, A SINGLE MAN**, as Trustor, to secure certain obligations in favor of **PFF BANK & TRUST** , as Beneficiary, recorded **9/27/2006**, as Instrument No. **2006-0659356**, in Book ---, Page ---,  of Official Records in the Office of the Recorder of **San Bernardino** County, **California** describing land therein as: **As more particularly described on said Deed of Trust.**

The subject obligation includes  **NOTE(S) FOR THE ORIGINAL** sum of $250,000.00.  A breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

**The monthly installment which became due on 9/20/2008, along with late charges, and all subsequent monthly installments.**

**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to; foreclosure trustee fees and costs, advances and late charges.**

**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**

**Nothing in this Notice of Default should be construed as a waiver of any fees owing to the beneficiary under the Deed of Trust, pursuant to the terms and provisions of the loan documents.**

That by reason thereof, the present Beneficiary under such Deed of Trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING. YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF UPON WRITTEN REQUEST WITHIN THIRTY (30) DAYS.  THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF. SHOULD YOU NOT DO SO, THE DEBT WILL BE CONSIDERED VALID.  IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

**Attempts to contact the borrower have been unsuccessful.  No contact was made with the borrower despite the due diligence of beneficiary of their authorized agent's pursuant to California Civil Code 2923.5(g), including (a) mailing a first-class letter was sent to the**

borrower that included a toll-free contact number for the beneficiary as well as the toll-free telephone number for the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. In addition, at least three attempts were made to contact the borrower by telephone, followed-up by a certified letter, return receipt requested.

Dated: 7/21/2009

LAW OFFICES OF LES ZIEVE AS AGENT FOR THE BENEFICIARY
BY: FIRST AMERICAN TITLE COMPANY, AS AGENT

armando G.L, authorized agent



CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
CURTIS CORUM, In Pro Per
53910 Ridge Road
Yucca Valley CA 92284

TELEPHONE NO.: 760-363-1998     FAX NO.:
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 6527 White Feather Rd
MAILING ADDRESS:
CITY AND ZIP CODE: Joshua Tree CA 92252
BRANCH NAME:

CASE NAME:
Corum v. PFF Bancorp, et al

**FOR COURT USE ONLY**

FILED-Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

OCT 19 2009

By_____Dep. Clerk

CASE NUMBER:
CIVHS  900845
JUDGE:
DEPT:

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☑ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Quiet Title
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 28, 2009
CURTIS CORUM
_____
(TYPE OR PRINT NAME)

► *Curtis Corum*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A
p. 97

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CURTIS CORUM, an individual

Case No: CIVMS 900845

vs.

PFF BANCORP, et al

**CERTIFICATE OF ASSIGNMENT**

BY FAX

---

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Joshua Tree District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General    ☐ Collection

FILED-Joshua Tree District
SUPERIOR COURT
SAN BERNARDINO COUNTY

OCT 19 2009

By ROBIN RYAN _____ Dep. Clerk

| | Nature of Action | Ground |
|---|---|---|
| ☐ 1 | Adoption | Petitioner resides within the district. |
| ☐ 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ 3 | Contract | Performance in the district is expressly provided for. |
| ☐ 4 | Equity | The cause of action arose within the district. |
| ☐ 5 | Eminent Domain | The property is located within the district. |
| ☐ 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 9 | Mandate | The defendant functions wholly within the district. |
| ☐ 10 | Name Change | The petitioner resides within the district. |
| ☐ 11 | Personal Injury | The injury occurred within the district. |
| ☐ 12 | Personal Property | The property is located within the district. |
| ☐ 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ 15 | Review | The defendant functions wholly within the district. |
| ☒ 16 | Title to Real Property | The property is located within the district. |
| ☐ 17 | Transferred Action | The lower court is located within the district. |
| ☐ 18 | Unlawful Detainer | The property is located within the district. |
| ☐ 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ 20 | Other _____ | |
| ☐ 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Curtis Corum

(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)

53910 Ridge Road

ADDRESS

Yucca Valley

(CITY)

CA

(STATE)

92284

(ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

OCTOBER 12 2009    at    BURBANK    , California

_Curtis Corum_

Signature of Attorney/Party

13-16503-360 Rev. 10/94

SB-16503

**Exhibit A**
**p. 98**

SUPERIOR COURT OF CALIFORNIA COUNTY OF ~~SAN BERNARDINO~~

JOSHUA TREE
6527 WHITE FEATHER ROAD
JOSHUA TREE,

*fee payment
waived 10/26/09*
*RR*

RECEIVED

OCT 27 2009

~~RPM COMPLIANCE~~

http://www.sbcounty.gov/courts

CASE NO: ~~RPM COMPLIANCE~~

IN RE: CORUM-V-PFF BANCORP, INC.

## NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
### NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
#### REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO JUDGE JOHN P VANDERFEER IN DEPARTMENT M4 FOR ALL PURPOSES

The Order to Show Cause regarding service of summons is set:
00/00/00 at  0:00 in Department . If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 01/25/10 at  8:30
in Department M4.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
Tressa S. Kentner, Clerk of the Court
Date: 10/19/09
By: ROBIN RYAN
-------------------------------------------------------------------------
## CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 10/19/09
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/19/09 at Joshua Tree, CA  By: ROBIN RYAN **Exhibit A**



# Minute Orders



Home    Complaints/Parties    Actions    Minutes    Pending Hearings    Case Report    Images

Open Quick Search

## Case CIVMS900845 - CORUM-V-PFF BANCORP,INC.

**Action:** (Choose) ▼

## EX PARTE HEARING RE: TRO,ORDR SHORTENING TIME,& OSC RE:PRELIM INJUNC 11/25/2009 - 8:29 AM DEPT. M4

JOHN P VANDERFEER PRESIDING.
CLERK: ROSALIE MENDOZA
COURT REPORTER LILIAN ROCHE LILIAN ROCHE
ATTORNEY TERESA M WAINMAN PRESENT FOR PLAINTIFF/PETITIONER.
PARTIES NOT PRESENT: PFF BANCORP,INC, US BANK,N.A., FCI LENDER SERVICES, INC, TRAVIATA LENDING, SOUTHLAND TITLE, MORTGAGE ELECTRONICREGISTRATION SYSTEMS

PROCEEDINGS:
PREDISPOSITION HEARING HELD
EX-PARTE HEARING IS HELD.
EX PARTE ORDERS GRANTED.
ATTY. WAINMAN TO PREPARE ORDER AND SUBMIT FOR COURT SIGNATURE TODAY.
POINTS AND AUTHORITIES TO BE SUBMITTED BY PLAINTIFF NO LATER THAN 11/27/09
AND OPPOSITION BY DEFENDANTS NO LATER THAN 12/11/09
REPLY TO BE FILED BY 12-16-09.

SERVICE MAY BE BY FAX IF ALL PARTIES AGREE OR MUST BE BY MAIL IF THEY DO NOT. ALL SERVICE/FILING SHALL BE BY 4:00PM OF THE DEADLINE DAY. THE PARTIES MAY STIPULATE TO A LATER HEARING DATE THAN 12-23-09.

HEARINGS:
OSC RE: PRELIMINARY INJUCTION FILED BY CURTIS CORUM IS SET FOR 12/23/09AT 08:30 IN DEPARTMENT M4.
NOTICE TO BE GIVEN BY ATTY. WAINMAN.
ACTION - COMPLETE
=== MINUTE ORDER END ===

**Exhibit A**