Tina M. Alleguez, Esq. (SBN 136562)
Teresa M. Wainman, Esq. (SBN 143825)
MICHELMAN & ROBINSON, LLP
15760 Ventura Blvd., 5th Floor
Encino, CA 91436
Tel: (818) 783-5530
Fax: (818) 783-5507

Attorneys for Plaintiff, CURTIS CORUM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CORUM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PFF BANCORP, INC., a/k/a PFF BANK & TRUST, a Delaware corporation doing business in California; U.S. BANK, N.A., a Minnesota corporation doing business in California; FCI LENDER SERVICES, INC., a California; TRAVIATA LENDING, a Business Entity, form unknown; SOUTHLAND TITLE, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Business Entity, form unknown; and DOES 1-100 inclusive,<br><br>Defendants. | CASE NO. EDCV 09-2272-JVS (DTBx)<br><br>*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER<br><br>Date:   January 19, 2010<br>Court Room: 10C<br><br><br>[Filed and served with Plaintiff's Request for Judicial Notice] |

1

#196743

TO THE COURT, ALL PARTIES AND THEIR RESPECT COUNSEL OF RECORD:

Plaintiff CURTIS CORUM ("Plaintiff") by an through his attorneys of record, Michelman & Robinson, LLP, hereby applies *ex parte* to this Court for a Preliminary Injunction pursuant to *Federal Rules of Civil Procedure, Rule* 65 (a), for good cause against Defendants PFF BANCORP, INC. a/k/a PFF BANK & TRUST ("PFF"), US BANK, N.A. ("USB") and FCI LENDER SERVICES, INC. (alternatively referenced herein collectively as "Defendants") and their agents, servants, trustees and employees, from: 1) proceeding with a trustees sale on January 22, 2010 of Plaintiff's real property located at 53910-53928 Ridge Road, Yucca Valley, California 92284 ("Property"); 2) proceeding with eviction proceedings at the Property and; 3) from taking any action against Plaintiff's rightful ownership interest in the Property during the pendency of the action on the First Amended Complaint ("FAC") filed in this Court, seeking to quiet title, seeking injunctive relief and other equitable remedies.

Notice of this *ex parte* application was made in compliance with U.S.D.C., Central District, Local Rules 7-19 and 7-19.1. (See Declaration of Teresa M. Wainman, Esq., ¶7, Exhibit "D").

Good cause exists for granting this application because immediate and irreparable injury will result to Plaintiff if the status quo is not preserved and the activities described hereinabove are not enjoined pending trial of this action.

This application is further based on *Federal Rules of Civil Procedure, Rule* 65(a) and on the grounds that the trustees sale of the Property that is scheduled for January 22, 2010 and the trustees sale that took place on January 4, 2010 was/is not conducted by any person or entity that possessed rightful, legal possession of title to the Property therefore, the sale was/will be illegal so, eviction must not proceed.

If this Court requires, Plaintiff is willing to post a bond to obtain the

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

1  preliminary injunction requested. (See Declaration of Plaintiff, ¶11)

2      This application is further based on the First Amended Complaint on file,

3  Plaintiff's Request for Judicial Notice, the Declarations of Teresa M. Wainman and

4  Curtis Corum with supporting exhibits, the Memorandum of Points and Authorities,

5  the files and documents contained in the Court's file and on such other arguments and

6  evidence as may be presented by counsel at the hearing.

7

8  Dated:  January 19, 2010                    **MICHELMAN & ROBINSON, LLP**

9

10                                             By:

11                                                 Tina M. Alleguez, Esq.

12                                                 Teresa M. Wainman, Esq.
                                                   Attorneys for Plaintiff CURTIS CORUM
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#196743

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   **INTRODUCTION**

Plaintiff brings the within action against Defendants, and their agents, officers, employees and affiliated or associated parties, for their and their predecessors' actions in engaging in a pattern of unlawful, fraudulent, or unfair predatory real estate practices causing Plaintiff to become a victim of such behavior and to be in jeopardy of losing his home through foreclosure.

Defendants and/or their predecessors' unlawful, fraudulent, or unfair "predatory" lending practices directed against Los Angeles, San Bernardino and Riverside County home purchasers and homeowners involved one, or more, of the following elements:

    a.    Making loans predominately based on the foreclosure or liquidation value of a borrower's collateral rather than on the borrower's ability to repay the mortgage    according to its terms;

    b.    Inducing the borrower to repeatedly refinance a loan in order to charge high points and fees each time the loan is refinanced ("loan flipping"); or

    b.    Engaging in fraud or deception to conceal the real nature of the mortgage loan obligation.

Defendants and/or their predecessors' goal in practicing these unlawful, fraudulent, or unfair "predatory" lending practices was to increase their share of the national mortgage market by mass producing loans for sale on the secondary market. In this scheme, borrowers, like Plaintiff, were nothing more than the means for producing more loans. Loans were originated with little or no regard for the borrowers' financial ability to afford the loans to sustain home ownership.

Defendants and/or their predecessors were also motivated to engage in unlawful, fraudulent or unfair lending practices for personal and financial benefit.

This action is brought to enjoin Defendants from advancing eviction proceedings on Plaintiff's Property that he now occupies.

To foreclose in California, a party must have the right to enforce the instrument creating the debt, or the promissory note. Defendants PFF, USB and FCI did not have that right and thus were not legally entitled to proceed with the Trustees Sales for the Property that took place on January 4, 2010.[1] If the Court permits said Defendants to proceed with eviction proceedings, it will cause irreparable damage to Plaintiff.

On November 25, 2009 the Superior Court for the State of California, County of Riverside, granted Plaintiff's *Ex Parte* Application for a Temporary Restraining Order blocking the sale of Plaintiff's Property until after a hearing on Plaintiff's Motion for Preliminary Injunction that was set on December 23, 2009. (See Plaintiff's Request for Judicial Notice, filed and served concurrently herewith, Exhibit "1") However, before that hearing took place this matter was removed to federal court. Subsequently, the trustees sale proceeded on January 4, 2010 and the Property was sold. Plaintiff now faces imminent eviction. (See Declaration of Curtis Corum, ¶8, Exhibit "C")

If this Court requires, Plaintiff is willing to post a bond to obtain the preliminary injunction requested. (See Declaration of Plaintiff, ¶11)

This Court must enjoin the eviction of Plaintiff from the Property because Defendants PFF, USB and FCI did not, and do not, have standing to initiate or proceed with sale of the Property, and even assuming, arguendo, that they did, they have failed to comply with California Civil Code §§1632, 1918-1921, 1916.7(b)(2), 1916.7(a)(8) and 2932.5.

---

[1] Additionally, Defendants do not have the legal right to proceed with the second trustees sale on January 22, 2010.

5

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

## II.   **STATEMENT OF THE FACTS**

Plaintiff entered into two (2) variable loan repayment and security agreements on or about, March, 2006 with Defendant PFF which required Plaintiff to repay loans of $750,000.00 on a first mortgage loan and $130,000.00 on a second stand-alone mortgage loan to PFF (collectively, "LOAN"). Five (5) months later PFF approved Plaintiff for a $250,000.00 home equity line of credit. With that equity line Plaintiff paid off his second mortgage with PFF for $130,000.00 and retained the remaining $120,000.00 for his own purposes. (See Declaration of Plaintiff Curtis Corum, filed and served concurrently herewith, ¶3) However, PFF misled Plaintiff when it qualified him for the LOAN by deceiving him into believing that he was building equity and paying down the LOAN when, in reality, he was paying interest only. In fact, Plaintiff actually only qualified for the initial "teaser" interest rate but would never have qualified for the increasing variable interest rates associated with the LOAN. (See Corum Declaration, ¶4)

The LOAN issued by PFF to Plaintiff was inappropriate because it was materially more expensive in terms of fees, charges and/or interest rates than alternative financing, for which Plaintiff could have qualified. Plaintiff was actually loaned money that no one could realistically believe he could ever afford to service in terms of payments if PFF had carefully reviewed Plaintiff's LOAN applications because his applications showed his gross monthly income was $23,782.00, but his monthly loan payments to PFF at the outset were $9,507.90, which, along with monthly payments of $2,760.00 for other outstanding debt, left him with an unhealthy debt to income ration of 42/52. (See Corum Declaration, ¶4)

In November 2008 Plaintiff was having difficulty making his LOAN payments and stopped making them. (See Corum Declaration, ¶5) At that time he began working with a loan modification company that began negotiating with PFF on Plaintiff's behalf. However, his application was denied because of Plaintiff's failure to pass a "NPV" analysis conducted knowingly and inaccurately by U.S. Bank. (See

6

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

Corum Declaration, ¶5) It was at about the same time that PFF went bankrupt and USB took over Plaintiff's LOAN. When Plaintiff spoke with USB's underwriter he was advised that foreclosing was a better option for the bank than loan modifications. (See Corum Declaration, ¶5)

Plaintiff was served with Notices of Trustee Sales by Defendants PFF, USB, FCI and/or FIRST AMERICAN TITLE COMPANY (DOE 1). (See Corum Declaration, ¶6, Exhibits A and B) The sale proceeded on January 4, 2010. Plaintiff now faces eviction proceedings that are in progress. (See Exhibit "C" to Corum Declaration)

PFF sold, transferred, assigned or otherwise conveyed its rights in the Property to FCI, MERS and/or FIRST AMERICAN TITLE COMPANY (DOE 1) and/or sold, transferred, assigned or otherwise conveyed its alleged servicing rights in the Property to USB. USB is the successor trustee of Plaintiff's LOAN.

Before receiving Notice of Trustee Sales Plaintiff never received any communication whatsoever, in writing or otherwise, that Defendants PFF, FCI or FIRST AMERICAN TITLE INSURANCE COMPANY, or anyone else, had assigned title to the Property to US Bank. (See Corum Declaration, ¶9)

It is Plaintiff's contention that there has never been legal transfer/assignment/recording of the title to the Property therefore, no Defendant named herein has ever possessed, or does now, or did, possess legal or equitable right, title, estate, lien or interest in the Property imposing standing to sell or foreclose on the Property and/or to evict Plaintiff.

III.   **AN INJUNCTION IS APPROPRIATE IN THIS CASE**

The basis for injunctive relief (preliminary or permanent) in the federal courts has always been irreparable injury and the inadequacy of legal remedies. *Weinberger v. Romero-Barcelo* (1982) 456 U.S. 305, 312; *Stanley v. University of Southern California* (9th Cir. 1994) 13Fed3d 1313. In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting

*EX PARTE* **APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER**

#196743

or withholding of the requested relief. *Amoco Production Co. v. Village of Gambell, Alaska* (1987) 480 U.S. 531; *Dogloo, Inc. v. Doskocil Mfg. Co., Inc.* (CD CA 1995) 893 F.Supp. 911, 917.

Potential loss of real property through foreclosure may constitute a threat of irreparable injury. *Sundance Land v. Community First Federal Savings & Loan* (9th Cir. 1988) 840 F.2d 653, 661.

For a preliminary injunction to issue Plaintiff must demonstrate immediate threatened harm. *Caribbean Marine Serv. Co. v. Baldridge* (9th Cir. 1988) 844 F.2d 668, 674. (See also, *Midgett v. Tri-County Metro Transportation Dist. of Oregon* (9th Cir. 2001) 254 F.3d 846, 850-851 and *Campbell Soup Co. v. ConAgra, Inc.* (3d Cir. 1992) 977 F.2d 86, 91)

Under the traditional test followed in determining whether or not to issue a preliminary injunction an applicant must demonstrate 1) a substantial likelihood of success on the merits, 2) that it would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction. *CityFed Financial Corp. v. Office of Thrift Supervision* (DC Cir. 1995) 58 F.3d 738, 746; Sea Containers Ltd. v. Stena AB (DC Cir. 1989) 890 F.2d 1205, 1208. However, not all those factors fully need be established for an injunction to be proper. *CityFed Financial Corp. v. Office of Thrift Supervision* (*supra*) at 746 [If arguments for one factor are particularly strong, an injunction may issue even if arguments in other areas are rather weak].

Alternatively, a plaintiff seeking injunctive relief may meet its burden by Showing either a combination of probable success on the merits and the possibility of irreparable injury or serious questions as to the matters in question and the balance of hardships tips sharply in plaintiff's favor. *Stuhlbarg International Sales Co., Inc. v. John D. Brush & Co., Inc.* (9th Cir. 2001) 240 F.3d 832, 839-840. "Serious questions" means questions that involve a fair

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

chance of success on the merits that cannot be resolved one way or the other at the hearing on a preliminary injunction, "and as to which the court perceives a need to preserve the status quo lest one side prevent resolution of the question or execution of any judgment by altering the status quo." *Republic of Philippines v. Marcos* (9th Cir. 1988) 862 F.2d 1355, 1362. (See also, *Bay Area Addiction Research & Treatment, Inc. v. City of Antioch* (9th Cir. 1999) 179 F.3d 725, 732.)

The previous trustee's sale and the scheduled January 22, 2010 trustee's sales of the Property and the foreclosure and pending eviction proceedings in this case constitute the showing of irreparable harm required for issuance of a preliminary injunction under California law. Here, Plaintiff's Property was illegally sold (a second sale is scheduled for January 22, 2010) and now Plaintiff faces eviction proceedings. The very nature of an eviction suggests immediate and imminent harm, on its face. In this lawsuit Plaintiff seeks to void the sale of the Property and unwind or rescind the Loan based on various violations of the Truth In Lending Act ("TELA"). The issues are complex and require scrutiny of a lengthy series of transactions amongst all the parties that must be understood in their totality to determine the issues raised in Plaintiff's First Amended Complaint. Clearly these issues raise the "serious questions" contemplated by the Republic of Philippines and Bay Area Addiction cases cited hereinabove that cannot be resolved one way or the other at the hearing on the requested preliminary injunction. Thus, in order to preserve the status quo and avoid the irreparable injury of eviction, an order granting the preliminary injunction requested should be granted.

## IV. DEFENDANTS PFF, USB AND FCI DID NOT, AND DO NOT, HAVE STANDING TO SELL PLAINTIFF'S PROPERTY

There was never a legal assignment of a deed of trust for the Property to Defendants PFF, USB, FCI AND FIRST AMERICAN TITLE COMPANY that was

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

recorded with the Los Angeles County Recorder's Office, yet these Defendants served Plaintiff with Notice of Trustee Sales that took place January 4, 2010. Had this involved a judicial foreclosure, Plaintiff would have immediately brought a demurrer. California Code of Civil Procedure §367 provides that:

"Every action must be prosecuted in the name of the real party in interest, except as    otherwise provided in statute."

Assuming Defendants PFF, USB and FCI somehow claim they were assigned the note and deed of trust to the Property, then:

"The burden of proving an assignment falls upon the party asserting rights there under. In an action by an assignee to enforce an assigned right, the evidence must not only be sufficient to establish the fact of assignment when that fact is in issue, but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary oblige."

*Cockerell v. Title Insurance & Trust Co.* (1954) 42 Cal.2d 284, 292.

Because assignment is contested in this case, in a judicial foreclosure Defendants PFF, USB and FCI would need to meet the requirements of CACI jury instruction No. 326, Assignment Contested, which states as follows:

"Plaintiff was not a party to the original contract. However, Plaintiff may bring a claim for breach of the contract if it proves that [assignor] transferred its rights under the contract to Plaintiff. This transfer is referred to as an assignment.

Plaintiff must prove that [assignor] intended to transfer its contract rights to Plaintiff. In deciding [assignor]'s intent you should consider the entire transaction and the conduct of the parties to the assignment."

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

Accordingly, Defendants PFF, USB and FCI did not, and do not, have standing to sell Plaintiff's Property. Therefore, the requested Preliminary Injunction should issue enjoining the next trustees sale on January 22, 2010 and any eviction proceeding currently in progress until such time as there has been a judicial determination in the within action as to what individual or entity, if any, ever was the owner in due course of, and hold legal title to, the Property such that a legal right to sell it was vested and, if Plaintiff is entitled to rescind the Loan under applicable state and federal authorities. All that should be determined before an eviction proceeds.

## V.    PLAINTIFF IS LIKELY TO PREVAIL ON THIS MATTER

Plaintiff, at all times relevant herein, was  the only equitable owner and sole title holder of the Property.  Before the January 4, 2010 trustees sale of the Property, the Deed of Trust for the Property was allegedly held by Defendant PFF as, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated March 10, 2006, executed by Plaintiff, for the alleged beneficiary Defendant PFF.  Subsequently, PFF went bankrupt and USB took over Plaintiff's loan.

Plaintiff is informed and believes that Defendants including, but not limited to, PFF, USB and FCI and/or other unknown entities, subsequent or contemporaneously with the closing of Plaintiff's loan, sold and assigned the original promissory notes to an undisclosed third party, very likely to a pool of securitized promissory notes, who are now  the real party(ies) in interest who have the right to money allegedly due on the note, if the note were indeed properly endorsed to them, or endorsed in blank, and they are the holder in due course of the note, and were so at the time the foreclosure proceedings were initiated.  Plaintiff is informed and believes that the loan, note and deed was pre-sold to Defendants PFF, USB and FCI and/or other unknown entities, subsequent or contemporaneously with the closing of Plaintiff's loan  in 2006. Plaintiff is informed and believes that the Loan, note and deed were sold multiple

11

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

1  times over to different entities.

2      On information and belief, PFF, UCB and FCI were not the holders in due
3  course of Plaintiff's <u>original promissory note</u>, and therefore lacked any standing,
4  right, or ownership in Plaintiff's original promissory note, and therefore did not have
5  the right to sell the Property at Trustee's Sales on January 4, 2010 and do not have the
6  right to proceed with the second trustees sale on January 22, 2010. See *In re: Kang*
7  *Jin_Hwang, Debtor*, Case No: LA08-15337SB, Chapter 7, United States Bankruptcy
8  Court for the Central District of California, September 29, 2008, decided, September
9  29, 2008, filed, entered.

10     On information and belief, the true holder in due course of Plaintiff's original
11 promissory note are investors in a pool of securitized notes sold on Wall Street, many
12 times over. On information and belief, the true trustee who should have held
13 Plaintiff's Deed of Trust is the trustee for the pool of securities, and not the title
14 companies, Defendants PFF, USB and FCI, who intend to act as trustees without any
15 authority from the holder in due course of the original promissory note. On
16 information and belief, if Defendants PFF, USB and FCI were able to produce
17 Plaintiff's original promissory notes in this action, the notes would indicate that they
18 had been endorsed in blank, which would indicate it is "payable to bearer," or it
19 would be endorsed to a party other than Defendants PFF, USB or FCI, who Plaintiff
20 is informed and believes are merely loan servicing agents. Such endorsement also
21 would indicate that Defendants PFF, USB and FCI are not the holders in due course
22 of the note, and therefore had/have no standing to sell the Property.

23     The Court abhors a windfall or forfeiture. If Defendants PFF, USB and FCI
24 are not the holders in due course of the note, they had/have no standing to enforce the
25 note, and by the same token, are not entitled to order a trustee sale of Plaintiff's
26 Property.

27     To protect Plaintiff from inequity, the law of negotiable instruments in
28 California is governed by the UCC Article 3, which has been adopted by all 50 States.

12

#196743

UCC § 3-301. Person Entitled to Enforce Instrument.

"(A) "Person entitled to enforce" an instrument means any of the following persons:

> (1) The holder of the instrument;

> (2) A non-holder in possession of the instrument who has the rights of a holder;

> (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

To recover on a promissory note, the Lender must prove:

> (1) The existence of the note in question;

> (2) That the party sued signed the note;

> (3) That the Lender is the owner and holder of the note in due course; and

> (4) That a certain balance is due and owing on the note."

Defendants could prove these four points, nor could they prove compliance with all statutory requirements for notice and offering loan modification. As such, Defendants PFF, USB and FCI should have been enjoined from selling the Property on January 4, 2010 and should be enjoined from selling the Property on January 22, 2010. And, in fact, that might have been the outcome, but for the removal of this case to federal court.

If a preliminary injunction is not issued, Plaintiff will be evicted from his home, which will cause him irreparable injury because the Property is unique.

There is no prejudice to Defendants because if they do have an enforceable security interest in the Property contrary to Plaintiff's interests, as they allege they do,

13

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

they will have the opportunity to sell the Property after the trial.

If no holder in due course of Plaintiff's original promissory note can be located, or it is discovered that Plaintiff's original promissory note has been paid in full, Plaintiff will seek a declaratory judgment that the promissory note is void, and seek a quiet title judgment.

Plaintiff requests that this Court issue a preliminary injunction to prohibit the eviction that is currently in process. Unless a preliminary injunction issues, manifest injustice will result because Plaintiff will be unjustly evicted from his Property as a result of a fraudulently obtained Trustee's Deed and subsequent sale.

## VI.  CONCLUSION

Defendants PFF, USB and FCI did not, and do not, have any legal, enforceable rights to sell Plaintiff's Property because they could not, and cannot, show any interest in title to the Property. Therefore, the trustees sale of the Property was illegal and is voidable. Accordingly, the requested preliminary injunction should issue and remain in effect until such time as there has been a judicial determination of the legal owner of the Property.

Dated:  January 19, 2010                    MICHELMAN & ROBINSON, LLP

                                            By: _____
                                               Tina M. Alleguez, Esq.
                                               Teresa M. Wainman, Esq.
                                               Attorneys for Plaintiff CURTIS CORUM

#196743

## DECLARATION OF TERESA M. WAINMAN

I, Teresa M. Wainman, declare as follows:

1.      I am an attorney at law duly admitted to practice before all of the courts of the State of California. I am of counsel with the law firm of Michelman & Robinson, LLP, the attorneys of record for Plaintiff CURTIS CORUM ("Plaintiff"). If called upon to testify, I could and would testify as to the foregoing facts of my own personal knowledge.

2.      Plaintiff filed a Complaint in this Court on or about August 12, 2009. On November 4, 2009 Michelman & Robinson, LLP, substituted in as attorneys of record for Plaintiff and filed a First Amended Complaint ("FAC") on behalf of Plaintiff. (See Plaintiff's Request for Judicial Notice, Exhibit "1")

3.      On November 25, 2009 the Superior Court of the State of California, County of Riverside, issued a Temporary Restraining Order blocking scheduled Trustee Sales of Plaintiff's Property until the Court ruled on Plaintiff's Motion for Preliminary Injunction that was set for hearing on December 23, 2009. (See Plaintiff's Request for Judicial Notice, Exhibit "2") However, before that time the case was removed to federal court.

4.      Plaintiff's Property was sold in a trustees sale on January 4, 2010 and Plaintiff is now facing immediate, imminent and irreparable harm; ie., eviction from his Property. A second sale of the Property is scheduled for January 22, 2010.

5.      Due process guarantees homeowners cannot be evicted without being permitted to raise affirmative defenses which if proved would maintain their possession and ownership. In cases where ownership of the subject property is in dispute neither lenders nor foreclosure sale buyers of the property in dispute may use certain existing procedural devices such as an unlawful detainer action to obtain possession of the premises until the separately filed action by the owner/tenant regarding their asserted ownership interest is determined. In such cases a stay of the

15

*EX PARTE* APPLICATION BY PLAINTIFF CURTIS CORUM FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF TERESA M. WAINMAN, ESQ. AND CURTIS CORUM; [PROPOSED] ORDER

#196743

unlawful detainer proceedings until trial of the action to determine ownership rights should be granted.

6.     Because of its summary character, an unlawful detainer action is not a suitable vehicle to try complicated ownership issues involving allegations of ownership. *Asuncion v Superior Court*, 108 Cal. App. 3d 141, 146.

7.     On January 19, 2010 before 10:00 a.m. I faxed notice of the within *ex parte* application to Defendants U.S. Bank, PFF and FCI Lender Services, Inc. Defendant Mortgage Electronic Registration Systems, Inc. has been dismissed and Plaintiff has agreed to dismiss Defendant Southland Title. Attached hereto and marked as Exhibit "D" is a true and correct copy of your declarant's January 19, 2010 facsimile.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 19th day of January, 2010 in Encino, California.

_____
Teresa M. Wainman, Declarant

#196743

Tina M. Alleguez, Esq. (SBN 136562)
Teresa M. Wainman, Esq. (SBN 143825)
MICHELMAN & ROBINSON, LLP
15760 Ventura Blvd., 5th Floor
Encino, CA 91436
Tel: (818) 783-5530
Fax: (818) 783-5507
Attorneys for Plaintiff, CURTIS CORUM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CORUM, an individual, | CASE NO. EDCV 09-2272-JVS (DTBx) |
| Plaintiff, | |
| v. | |
| PFF BANCORP, INC., a/k/a PFF BANK & TRUST, a Delaware corporation doing business in California; U.S. BANK, N.A., a Minnesota corporation doing business in California; FCI LENDER SERVICES, INC., a California; TRAVIATA LENDING, a Business Entity, form unknown; SOUTHLAND TITLE, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Business Entity, form unknown; and DOES 1-100 inclusive, | DECLARATION OF PLAINTIFF CURTIS CORUM |
| Defendants. | |

I, CURTIS CORUM, do state and declare as follows:

1

190636

#191710

1

2  1.  I am over eighteen years of age and am a resident of Yucca Valley, San

3 Bernardino County, State of California. I am the current owner of and hold legal title

4
5 to, the real property located at 53910-53928 Ridge Road, Yucca  Valley, California

6 92284 ("Subject Property"). The matters set forth below in this declaration are based

7 upon my personal knowledge and if called upon to testify thereto I could, and would,

8
9 competently do so;

10  2.  I have sued PFF BANCORP, INC., a/k/a PFF BANK & TRUST ("PFF"),

11 US BANK, N.A. ("USB"), FCI LENDER SERVICES, INC ("FCI")., TRAVIATA

12
13 LENDING ("TRAVIATA"), SOUTHLAND TITLE ("ST"), MORTGAGE

14 ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) and FIRST

15
16 AMERICAN TITLE COMPANY (Doe Defendant No. 1) ("Defendants") for multiple

17 reasons and I make this declaration to attest to the lawsuit and in support of the

18 preliminary injunction motion filed by my attorneys, Michelman & Robinson, LLP,

19
20 that as I understand, is to prevent eviction proceedings from my Property proceeding.

21 My Property was sold at a trustees sale on January 4, 2010;

22  3.  In March 2006 I entered into two (2) separate variable loan agreements

23
24 with PFF to purchase the Subject Property, one for $750,000.00 and a second for

25 $130,000.00. Five (5) months later I was approved by PFF for a home equity line of

26

27

28

190636

#191710

credit for $250,000.00. With that loan I paid off the second mortgage with PFF for $130,000.00 and retained the remaining $120,000.00 in cash for my own purposes;

4.      PFF misled me when it qualified me for the first two (2) loans, referenced above in paragraph 3 in that it deceived me into believing I was building equity and paying down my loans when, in reality, I was paying interest only. Further, in fact I only qualified for the initial "teaser" interest rate, but would never have qualified for the increasing variable interest rates associated with my loans. Essentially, the loans issued to me by PFF were inappropriate because they were materially more expensive in terms of fees, charges and/or interest rates than alternative financing, which I could have qualified for. In other words, I was loaned money that no one could realistically believe I could ever afford to service in terms of payments had my loan applications been carefully reviewed by PFF. In my applications I indicated my gross monthly income was $23,782.00. My monthly loan payments to PFF at the outset were $9,507.90, which, along with monthly payments of $2,760.00 for other outstanding debt, left me with an unhealthy debt to income ratio of 42/52;

5.      In November 2008 I began having difficulty making my loan payments and stopped making payments. At that time I began working with a loan modification company that began negotiating with PFF on my behalf. I qualified for a loan modification, but it was never approved. It was about that time that I was advised that

DECLARATION OF PLAINTIFF CURTIS CORUM

190636

#191710

PFF went bankrupt and USB took over my loans. The reason my application for a loan modification was denied was because  failed the Net Present Value ("NPV")[1] test because PFF conducted the test using the value of my Property when I bought it four (4) years previously, 1.35 million dollars, rather than its appraised value at the time I was applying for a loan modification, $850,000.00. I spoke with an underwriter at U.S. Bank about the inaccuracy of the data used for the NPV test and he agreed using the four (4) year old purchase price was wrong. Nevertheless, the NPV test was not redone or updated so my application for a loan modification was denied because of the failed NPV test. Subsequently, I personally spoke with USB's underwriter and was told that foreclosing was a better option for the bank than loan modification;

     6.     I received of a Notice of Trustee's Sale of the Subject Property on December 1, 2009 regarding my first loan for $750,000.00 and a Notice of Trustee's Sale of the Subject Property on December 9, 2009 regarding my subsequent loan for $250,000.00. Notice of the sales was given by FCI, USB, PFF and Doe 1, First American Title Insurance Company. True and correct copies of those notices are attached hereto as Exhibits A and B.

---

[1] I was told by the bank that a NPV test is required for all loans being considered for a Home Affordable Modification ("HAM") and that loan servicers must use a base NPV model to perform the test. The base NPV model assesses borrower and loan information for HAM program eligibility and determines the NPV outcome (positive or negative and the amount) for any given modification.

190636

#191710

7.    In late December 2009 or early January 2010 I spoke with a representative of U.S. Bank who advised me that the trustees sale had been continued to February 4, 2010. However, a trustees sale of my Property took place on January 4, 2010 and another sale is scheduled for January 22, 2010;

8.    I have now been advised that my Property is bank owned and eviction proceedings are in process. (Attached hereto and marked as Exhibit C is a true and correct copy of "Notice to Occupant" left on my doorstep on January 8, 2010);

9.    I have never had any communication whatsoever with FCI or First American Title Insurance Company. Since those entities at no time have ever had anything to do with the loans I received from PFF to purchase the Subject Property, I doubted they had any legal right to sell the Subject Property therefore, I filed the within lawsuit;

10.    Prior to receipt of the above referenced notices of trustees sales, I had never received anything in writing from PFF or USB indicating that my loans had been sold or assigned to any entity whatsoever. During the thirty (30) days prior to receiving those notices, neither PFF nor USB got in touch with me. During those thirty (30) days prior to my receipt of the notices of trustees sales, neither PFF nor USB ever contacted me to try to prevent the sale and to try to see if I could remain living at the Subject Property. I understand that PFF or USB and the other Defendants should have given me a telephone number for HUD so that I could have called that

190636

#191710

agency to seek assistance. None of the Defendants gave me information in that regard;

11.    I am willing to post a bond if necessary to obtain the preliminary injunction requested in this motion;

12.    If this Court does not prevent the actions of Defendants, ie., proceeding with evicting me from my Property, before a jury can determine in this lawsuit who holds legal title, I will unfairly lose my home.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed January 19, 2010, at Yucca Valley, California.

_Curtis Corum_

Curtis Corum, Declarant

190636

#191710

EXHIBIT "A"

[RECORDING REQUESTED BY]
Law Offices of Les Zieve

[WHEN RECORDED MAIL TO:]
Law Offices of Les Zieve
18377 Beach Blvd., Suite 210
Huntington Beach, California 92648

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

T.S. No. 09-04834   Loan No. 302-246291710

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 9/21/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **CURTIS CORUM, A SINGLE MAN**
Duly Appointed Trustee: LAW OFFICES OF LES ZIEVE Deed of Trust recorded 9/27/2006 as Instrument No. 2006-0659356 in book ---, page --- of Official Records in the office of the Recorder of San Bernardino County, California,
Date of Sale:**11/13/2009** at 10:00 AM
Place of       At the main entrance to the County Courthouse 351 North Arrowhead San Bernardino, CA
Sale:
Amount of unpaid balance and other charges: **$264,475.52**
Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of          **53910, 53928 RIDGE ROAD**
real property:                                         **YUCCA VALLEY, CA 92284**
Described as follows:
 LOT(S) 65 AND 66 OF TRACT NO. 4762, AS PER MAP RECORDED IN BOOK 66, PAGE(S) 89 TO 92 INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPT THEREFROM ALL OIL, GAS, MINERALS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEEDS OF RECORD.

A.P.N #.: **0585-291-03-0-000 & 02-0-000**
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown,



RECORDING REQUESTED BY:

First American Title Insurance Company

AND WHEN RECORDED MAIL TO:

Law Offices of Les Zieve
18377 Beach Blvd., Suite 210
Huntington Beach, California 92648

---

Loan No.: 302-246291710                                     TS No.: 09-04834

## SUBSTITUTION OF TRUSTEE

WHEREAS, CURTIS CORUM, A SINGLE MAN was the original Trustor, POMONA FINANCIAL SERVICES, INC. was the original Trustee, and PFF BANK & TRUST was the original Beneficiary under that certain Deed of Trust dated 9/21/2006 and recorded on 9/27/2006 as Instrument No. 2006-0659356, in book ---, page --- of Official Records of San Bernardino County, California; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes LAW OFFICES OF LES ZIEVE, 18377 Beach Blvd., Suite 210 Huntington Beach, CA 92648 as Trustee under said Deed of Trust. Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated:
August 20, 2009

**PFF BANK & TRUST as merger in interest to US BANK NATIONAL ASSOCIATION, ND**

State of Minnesota
County of Hennepin

On August 20, 2009 before me, Loren P Madson, personally appeared, Joel Daniels who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Minnesota that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                                           (seal)

Signature

LOREN P. MADSON
Notary Public
Minnesota
My Commission Expires January 31, 2010

EXHIBIT "B"

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

**FCI LENDER SERVICES, INC.**
**8180 EAST KAISER BLVD.**
**ANAHEIM HILLS, CA 92808**

_____

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

Title Order No.:   5800820       Trustee Sale No.: 66078    · Loan No.: 0070214189/001
APN: 0585-291-03-0-000 & 0585-291-02-0-000

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED** 03/06/2006. **UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 12/09/2009 at 10:00AM, FCI LENDER SERVICES, INC. as the duly appointed Trustee under and pursuant to Deed of Trust RECORDED 3/10/2006 INSTRUMENT # 2006 - 0165923 of official records in the Office of the Recorder of San Bernardino County, California, executed by:

CURTIS CORUM A SINGLE MAN

, as Trustor

PFF BANK & TRUST

, as Beneficiary

**WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH** (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: THE MAIN ENTRANCE TO THE COUNTY COURTHOUSE, 351 N. ARROWHEAD AVENUE, SAN BERNARDINO, CA,

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST.

1





66078                   TS-NCS            TS0022            093528

Title Order No.
Trustee Sale No.        66078
Loan No.                0070214189/001

## SUBSTITUTION OF TRUSTEE -- continued

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number indicates the plural.

DATE: 08/14/2009

U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR POMONA FIRST FEDERAL

_JOHN AMADOR_        SVP

STATE OF        CALIFORNIA

COUNTY OF        _Orange_

On _August 18, 2009_ before me, _Cassandra B. Anderson_ , a Notary Public in and for said county, personally appeared _John Amador_        who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Cassandra B. Anderson_
Notary Public

CASSANDRA B. ANDERSON
Commission # 1659773
Notary Public — California
Orange County
My Comm. Expires Apr 21, 2010

Page 2

**EXHIBIT "C"**



# LAMCO

LENDERS ASSET MANAGEMENT CORPORATION

**6588 West Ottawa Avenue, Littleton, CO  80128**
**Toll Free: 1-800-795-6350, Ext:  115**

## NOTICE  TO  OCCUPANT

**Property Address:**
53928 Ridge Rd, Yucca Valley, CA, 92284

## THIS PROPERTY IS NOW
## BANK OWNED

**The owners have requested that we
confirm the occupancy status
of this property while eviction
proceedings are in process.**

---

**Relocation assistance may be available
Please contact us within 48 hours.**

**Date:** *1-8-10*

**Your LAMCO Rep Doug Deacon's contact information:**
**1-800-795-6350 ext: *155* or  doug.deacon@lendersreo.com.**

Please be advised the LAMCO Representative is the only authorized individual to discuss relocation and terms.
The person delivering this notice is not authorized to discuss terms / conditions on behalf of LAMCO or the lender.

EXHIBIT "D"

# M|R  MICHELMAN & ROBINSON, LLP
## ATTORNEYS AT LAW

**TERESA M. WAINMAN**
twainman@mrllp.com

Los Angeles Office
15760 Ventura Boulevard, 5th Floor
Encino, CA  91436
P 818.783.5530  F 818.783.5507  www.mrllp.com

January 19, 2010

<u>**VIA FACSIMILE**</u>

Eric M. Alderete                          949-798-4258
Senior Corporate Counsel
US Bank
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

James Knoles                             714-848-7650
Law Offices of Lez Zieve
18377 Ocean Blvd, #210
Huntington Beach CA 92648

Sabrina Beedner                          310-315-8210
1800 Century Park East, 8th Floor
Los Angeles CA 90067

Re: <u>**Corum, Curtis v. PFF Bancorp et al.**</u>

Dear Counsel:

    This letter is to advise you that we, on behalf of Curtis Corum, will be filing an ex parte motion for a preliminary injunction to halt any further Trustee's sale or any eviction action for the property located at 53910-53928 Ridge Road, Yucca Valley CA 92284.

    Please be further advised that the ex parte will be submitted to US District Court, 411, North 4th Street, Santa Ana CA, Room 10C, before the Hon. James V. Selna, who, according to his rules, ex partes are rarely set for hearing, instead opposing papers are to be filed via fax within 24 hours of your receipt of the moving papers.

Sincerely,

**MICHELMAN & ROBINSON, LLP**

Teresa M. Wainman

```
                    *********************
                    ***   TX REPORT   ***
                    *********************

        TRANSMISSION OK

        TX/RX NO            0753
        CONNECTION TEL      #07500#0005#19497984258#
        CONNECTION ID
        ST. TIME            01/19 10:04
        USAGE T             00'20
        PGS. SENT              1
        RESULT              OK
```

# M|R  MICHELMAN & ROBINSON, LLP
### ATTORNEYS AT LAW

**TERESA M. WAINMAN**
twainman@mrllp.com

Los Angeles Office
15760 Ventura Boulevard, 5th Floor
Encino, CA  91436
P 818.783.5530  F 818.783.5507  www.mrllp.com

January 19, 2010

## VIA FACSIMILE

Eric M. Alderete                   949-798-4258
Senior Corporate Counsel
US Bank
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

James Knoles                    714-848-7650
Law Offices of Lez Zieve
18377 Ocean Blvd, #210
Huntington Beach CA 92648

Sabrina Beedner                 310-315-8210
1800 Century Park East, 8th Floor
Los Angeles CA 90067

Re: **Corum, Curtis v. PFF Bancorp et al.**

Dear Counsel:

      This letter is to advise you that we, on behalf of Curtis Corum, will be filing an ex parte motion for a preliminary injunction to halt any further Trustee's sale or any eviction action for the property located at 53910-53928 Ridge Road, Yucca Valley CA 92284.

      Please be further advised that the ex parte will be submitted to US District Court, 411, North 4th Street, Santa Ana CA, Room 10C, before the Hon. James V. Selna, who, according to his rules, ex partes are rarely set for hearing, instead opposing papers are to be filed via fax within 24 hours of your receipt of the moving papers.

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0754 |
| CONNECTION TEL | #07500#0005#17148487650# |
| CONNECTION ID | |
| ST. TIME | 01/19 10:05 |
| USAGE T | 00'20 |
| PGS. SENT | 1 |
| RESULT | OK |

# M'R  MICHELMAN & ROBINSON, LLP
### ATTORNEYS AT LAW

**TERESA M. WAINMAN**
twainman@mrllp.com

**Los Angeles Office**
15760 Ventura Boulevard, 5th Floor
Encino, CA  91436
P 818.783.5530  F 818.783.5507  www.mrllp.com

January 19, 2010

## VIA FACSIMILE

Eric M. Alderete          949-798-4258
Senior Corporate Counsel
US Bank
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

James Knoles             714-848-7650
Law Offices of Lez Zieve
18377 Ocean Blvd, #210
Huntington Beach CA 92648

Sabrina Beedner          310-315-8210
1800 Century Park East, 8th Floor
Los Angeles CA 90067

Re: **Corum, Curtis v. PFF Bancorp et al.**

Dear Counsel:

This letter is to advise you that we, on behalf of Curtis Corum, will be filing an ex parte motion for a preliminary injunction to halt any further Trustee's sale or any eviction action for the property located at 53910-53928 Ridge Road, Yucca Valley CA 92284.

Please be further advised that the ex parte will be submitted to US District Court, 411, North 4th Street, Santa Ana CA, Room 10C, before the Hon. James V. Selna, who, according to his rules, ex partes are rarely set for hearing, instead opposing papers are to be filed via fax

```
********************
***   TX REPORT   ***
********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 0755 |
| CONNECTION TEL | #07500#0005#13103158210# |
| CONNECTION ID | |
| ST. TIME | 01/19 10:06 |
| USAGE T | 00'17 |
| PGS. SENT | 1 |
| RESULT | OK |

---

# M|R  MICHELMAN & ROBINSON, LLP
### ATTORNEYS AT LAW

**TERESA M. WAINMAN**
twainman@mrllp.com

Los Angeles Office
15760 Ventura Boulevard, 5th Floor
Encino, CA 91436
P 818.783.5530  F 818.783.5507  www.mrllp.com

January 19, 2010

### VIA FACSIMILE

Eric M. Alderete            949-798-4258
Senior Corporate Counsel
US Bank
3121 Michelson Drive, 5th Floor
Irvine, CA 92612

James Knoles               714-848-7650
Law Offices of Lez Zieve
18377 Ocean Blvd, #210
Huntington Beach CA 92648

Sabrina Beedner            310-315-8210
1800 Century Park East, 8th Floor
Los Angeles CA 90067

Re: **Corum, Curtis v. PFF Bancorp et al.**

Dear Counsel:

        This letter is to advise you that we, on behalf of Curtis Corum, will be filing an ex parte motion for a preliminary injunction to halt any further Trustee's sale or any eviction action for the property located at 53910-53928 Ridge Road, Yucca Valley CA 92284.

        Please be further advised that the ex parte will be submitted to US District Court, 411, North 4th Street, Santa Ana CA, Room 10C, before the Hon. James V. Selna, who, according to his rules, ex partes are rarely set for hearing, instead opposing papers are to be filed via fax