OFFICE OF THE GENERAL COUNSEL
ERIC M. ALDERETE, STATE BAR NO. 199565
eric.alderete@usbank.com
U.S. BANK NATIONAL ASSOCIATION
3121 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (949) 798-6781
Facsimile: (949) 798-4258

Attorneys for Defendants
U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for PFF Bank & Trust and FCI Lender Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CORUM, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>PFF BANCORP, INC., a/k/a/ PFF BANK & TRUST, a Delaware corporation doing business in California; U.S. BANK, N.A., a Minnesota corporation doing business in California; FCI LENDER SERVICES, INC., a California; TRAVIATA LENDING, a Business Entity, form unknown; SOUTHLAND TITLE, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Business Entity, form unknown; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. ED CV 09-2272-JVS (DTBx)<br><br>**DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR PFF BANK & TRUST'S AND FCI LENDER SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR PRELIMINARY INJUNCTION; DECLARATION OF RICHARD B. SWINNEY IN SUPPORT THEREOF**<br><br>Crtrm:   10C<br>Judge:   Hon. James V. Selna<br><br>[First Amended Complaint Filed: November 4, 2009] |

# I.

# **INTRODUCTION**

Plaintiff Curtis Corum ("Plaintiff") asserts in his ex parte application that a temporary restraining order is appropriate to block foreclosure and eviction proceedings because 1) no assignments of the deeds of trust at issue have been recorded and 2) the party initiating foreclosure proceedings does not have possession of the original promissory notes. U.S. Bank National Association Successor In Interest To The Federal Deposit Insurance Corporation As Receiver For PFF Bank and Trust ("U.S. Bank") and FCI Lender Services, Inc. (with U.S. Bank, "Defendants") oppose Plaintiff's request on the grounds that California law does not require the recordation of an assignment of a deed of trust where a deed of trust gives the power of sale to a trustee as is the case here and possession of the original promissory note is not required to initiate non-judicial foreclosure proceedings in California.

The possibility of irreparable harm alone cannot justify a temporary restraining order or a preliminary injunction. Instead, a plaintiff must show at least some possibility of success on the merits of his claims to entitle him to injunctive relief. *Aguirre v. Chula Vista Sanitary Service & Sani-Tainer, Inc.*, 542 F.2d 779, 781 (9th Cir. 1976) (requiring a clear showing of at least some possibility of success on the merits before injunctive relief will issue). If a movant will not prevail on the merits of his claims, he may not obtain a preliminary injunction – no matter the harm that may result. *See Global Horizons, Inc. v. U.S. Dept. of Labor*, 510 F.3d 1054, 1058 9th Cir. 2007); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 417 (4th Cir. 1999) ("[W]here it is legally impossible for a plaintiff to succeed on the merits of its underlying claim, the district court may not grant the requested injunction, no matter how severe or irreparable an injury the plaintiff may otherwise suffer.") As discussed more fully below, Plaintiff's ex parte application does not

-1-
DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE
MOTION; SWINNEY DECL.

demonstrate even the merest possibility of success on the merits of his claims and his request for a temporary restraining order must be denied as a result.

## II.

## **ARGUMENT**

A. <u>California Law Does Not Require An Assignment Of A Deed Of Trust Prior To Initiating Foreclosure Proceedings Where The Power Of Sale Is Given To A Trustee.</u>

Plaintiff first argues that U.S. Bank has no enforceable right to conduct the foreclosure sales because no assignments of the deeds of trust have been recorded. This appears to be a claim under California Civil Code 2932.5, which governs assignments of mortgages. California law is clear, however, that a recorded assignment of a deed of trust is not required for a trustee to exercise the power of sale.

Plaintiff is wrong in claiming that California law requires the recordation of an assignment of the beneficial interest in a loan prior to initiating a non-judicial foreclosure. By its express language, section 2932.5 requires recordation only when the power of sale is "given to a mortgagee or other encumbrancer" in the security instrument. "In a non-judicial foreclosure, also known as a 'Trustee's Sale' the trustee exercises the power of sale given by the deed of trust." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003).

"The transferee of a negotiable promissory note, payment of which is secured by a deed of trust whereby the title to the property and power of sale in case of default is vested in a third party as trustee, is not an encumbrancer to whom power of sale is given, within the meaning of section 858 of the Civil Code." *Stockwell v. Barnum*, 7 Cal. App. 413, 417 (1908).[1] Here, the security instruments are deeds of

---

[1] California Law Revision Commission's note to current Civil Code Section 2932.5 states: "Section 2932.5 continues former section 858 without substantive change." 18 Cal. L. Review Comm. Reports 501 (1986).

trust which give the power of sale to the trustee, not the beneficiary. (Declaration of Richard B. Swinney "Swinney Decl.," Exs. A, B.) Civil Code Section 2932.5 only applies when the power of sale is given to another encumbrancer. It does not apply where, as here, the power of sale is given to the trustee and not the beneficiary. (*Id.*)

Simply stated, Plaintiff's belief that an assignment of the deeds of trust must have been recorded to initiate the foreclosure process is mistaken and reflects Plaintiff's fundamental misunderstanding of California law.

In any event, Plaintiff admits in his ex parte application that PFF was the original lender on both of the loans at issue here. U.S. Bank is the successor in interest to PFF by virtue of its acquisition of PFF's assets in a transaction facilitated by the Federal Deposit Insurance Corporation in November 2008. (Swinney Decl. ¶ 3.) Because U.S. Bank is the direct successor in interest to PFF, there is no need for an assignment of the deeds of trust.

B. Production Of The Original Promissory Note Is Not A Prerequisite To Non-Judicial Foreclosure Proceedings In California.

The California legislature has enacted a comprehensive set of statutes governing non-judicial foreclosures. *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). Nowhere in that statutory scheme is a requirement that the lender or trustee possess or produce the original promissory note to initiate and complete foreclosure proceedings. Imposing such a requirement when the legislature saw fit to leave it out would be inappropriate.

Courts throughout California have refused to do so despite the flood of borrower lawsuits challenging foreclosure sales that have resulted from California's popping real estate bubble:

> **Finally, California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure.** *See* Cal. Civ.Code § 2924. Plaintiff's allegation about the possession of the original note is without merit and must be dismissed.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION; SWINNEY DECL.

*San Diego Home Solutions, Inc. v. Recontrust Company*, 2008 WL 5209972 *2 (S.D. Cal. 2008).

> Cal. Civ.Code § 2924 outlines the requirements for non-judicial foreclosures in California, and does not include providing the original note prior to the sale. **Additionally, under California law, an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid."** Neal v. Juarez, 2007 WL 2140640 (S.D.Cal. July 23, 2007) (*citing* R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 97, 21 P.2d 413 (1933) and California Trust Co. v. Smead Inv. Co., 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935). Plaintiffs' claim under this statute is therefore dismissed without prejudice.

*Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906 *8 (S.D. Cal. 2008) (emphasis supplied); *see also Rogers v. Cal State Mortg. Co. Inc.*, 2010 WL 144861 (E.D. Cal. January 11, 2010). Plaintiff's claim that the foreclosure sales must be set aside or restrained and that eviction proceedings must be blocked for alleged lack of possession of the original promissory note is utterly without merit and, as a result, cannot support injunctive relief.

## III.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for a temporary restraining order.

Dated: January 20, 2010      OFFICE OF THE GENERAL COUNSEL

By:   /s/Eric M. Alderete
ERIC M. ALDERETE
Attorney of Record for Defendants,
U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR PFF BANK & TRUST AND FCI LENDER SERVICES, INC.